**UNITED STATES of America ex rel. Albert JEFFERSON, Petitioner-Appellant,**

v.

**Edward M. FAY, Warden of Green Haven State Prison, Stormville, New York, Respondent-Appellee.**

**No. 450, Docket 30182.**

United States Court of Appeals Second Circuit.

Argued June 21, 1966.

Decided July 22, 1966.

**16**

Robert R. Slaughter, New York City (Anthony F. Marra, Legal Aid Society, Gail B. Chasin, New York City), for petitioner-appellant.

Mortimer Sattler, Asst. Atty. Gen. of New York (Louis J. Lefkowitz, Atty. Gen. of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen. of New York, on the brief), for respondent-appellee.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

MOORE, Circuit Judge:

Appellant, Albert Jefferson, is presently serving a ten to fifteen year second felony offender sentence for rape, imposed in the Nassau County Court on March 7, 1958, at Green Haven State Prison, Stormville, New York. The prior felony conviction occurred on March 16, 1949 after appellant pleaded guilty to a charge of burglary in the third degree. On March 23, 1964 appellant made a motion in the Nassau County Court for resentence asserting that the 1949 conviction should be set aside on the ground that he had not intelligently waived his right to counsel at that time. A hearing held before Nassau County Judge Dowsey on September 24, 1964 revealed that appellant was indicted on March 8, 1949 on a charge of burglary in the third degree and petit larceny. On March 9, 1949 he was arraigned before County Judge Donohue at which time he was advised of his right to counsel; expressly waived his right to counsel; and pleaded guilty as charged. Later that same day appellant, in a note sent from the Nassau County Jail, advised the District Attorney's office that he was aware that he was entitled to counsel and wondered if he could have one at that time. He received no reply and was brought before the county court seven days later, on March 16, 1949, for sentencing.

At the September 24, 1964 *coram nobis* hearing, appellant testified that prior to the actual sentencing he had a conversation with Assistant District Attorney Harold M. Spitzer in which Spitzer acknowledged the receipt of the note and that appellant said that he wanted a lawyer to explore the possibility of pleading guilty to a lesser offense than burglary. According to appellant, he asked Spitzer whether he felt a lawyer could help him and Spitzer replied that he did not think anyone could help appellant. Although Spitzer testified at the hearing that he did not recall the conversation, he did record his impression of the meeting with appellant on the back of appellant's note as follows: "I spoke to defendant in court. Kept vacillating. Finally decided he did not want a lawyer." Moreover, prior to imposing a sentence on appellant, County Judge Donohue indicated that he

was aware that appellant had recently requested counsel and asked appellant if he had changed his mind. Appellant answered yes and stated that he had no objection to having sentence imposed at that time. The sole explanation offered by appellant at the state court hearing for his decision to proceed without counsel in 1949 was that he was under the impression that the District Attorney's office "had something to do with the assigning of counsel" and he felt that in view of Spitzer's remark that no one could help him, "there was nothing I could do." Other evidence introduced at the hearing showed that when appellant entered his guilty plea in 1949 he was twenty-three years old, had attended school through the eighth grade, and had prior criminal experience. Previously he had been arrested for burglary and petit larceny at which time he was represented by counsel assigned by the state court on its own motion and was permitted to plead guilty to petit larceny.

The state court denied appellant's motion for resentence finding that the evidence adduced at the hearing showed that he had intelligently made his choice to proceed without counsel in 1949. Thereafter, appellant applied to the district court for a writ of habeas corpus which was denied without a hearing in an order dated October 5, 1965. The court concluded that appellant received a full and fair hearing in the state court and that the finding that the waiver was valid was "entirely consistent with the evidence before the court." On November 26, 1965 the court granted appellant's request for a certificate of probable cause, leave to appeal *in forma pauperis,* and assigned the Legal Aid Society as appellant's counsel.

■ On appeal, appellant argues that the evidence adduced at the state court hearing was insufficient to support a finding that his waiver was intelligent, relying on his contention that his decision to proceed without counsel was induced by Spitzer's alleged statement that no one could help him. We do not agree. In view of appellant's prior experience with assigned counsel, Spitzer's comment that appellant kept vacillating and finally decided he did not want a lawyer, and the sentencing judge's inquiry concerning appellant's change of mind, the state court was justified in rejecting appellant's attempt to shift the responsibility for his actions to Spitzer. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948) cited by appellant does not require a contrary result. There a defendant claimed that her waiver of a right to counsel had been coerced by federal officers who had given her erroneous legal advice. While the Court pointed out that a waiver must take place in the "absence of subverting factors so that the choice is clearly free and responsible * * *," *id.* at 729, 68 S.Ct. at 326 (separate opinion of Justice Frankfurter), it remanded the case to the district court, with directions to make a finding as to the effect of the federal officers' advice on the defendant's waiver. *Id.* at 727, 68 S.Ct. 316. Here the record indicates that the state court determined that Spitzer did not exert a subverting influence on appellant, i. e., that his waiver was free and responsible, and there is ample evidence to support that determination.

■■ Appellant's contention that the district court erred in failing to hold a hearing on the ground that the state court imposed an improper burden of proof on appellant is untenable. Initially, the burden is on the State to demonstrate that a petitioner affirmatively acquiesced in the surrender of his right to counsel, i. e., that he was advised of and waived the right. Once the State satisfies that requirement, the petitioner is "called upon to prove by a fair preponderance of the evidence that his waiver was not competently or understandingly made." United States ex rel. Brown v. Fay, 242 F.Supp. 273, 276 (S.D.N.Y. 1965). It is clear that the state court probably employed these principles in disposing of appellant's motion for resentence. There is no doubt that appellant affirmatively acquiesced in the surrender of his right to counsel and, thus, was re-

quired to show that his waiver was not freely made.

Finally, the record shows that the state court's findings were adequate and, thus, there was no necessity for a further hearing in the district court. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770 (1963).

The judgment of the district court is affirmed.