Carroll,
No. 5592.

STATE

*v.*

GENE L. HERBERT.

Argued June 6, 1967.
Decided November 30, 1967.

*George S. Pappagianas, Attorney General* and *Henry F. Spaloss, Assistant Attorney General ( Mr. Spaloss* orally ), for the State.

*Michael & Wallace* and *Thomas W. Porter ( Mr. Porter* orally ), for the defendant.

GRIFFITH, J. On June 1, 1949, the defendant, who was then 22 years old, was arraigned in the Carroll County Superior Court on a complaint of the county solicitor, the defendant having waived indictment; the complaint charged the defendant with breaking and entering in the nighttime, with the intent to steal goods in the store, and with stealing from the store.

The defendant pleaded guilty and was sentenced to the New Hampshire State Prison for not more than fifteen years nor less than ten years. The defendant was committed under this sentence, twice paroled, and twice recommitted for violation of parole. This court confirmed his second recommittal in *Herbert* v. *New Hampshire Parole Board,* 106 N. H. 401. There is presently a balance of about six years remaining on the maximum sentence and this is being served concurrently with a sentence of one year and one day to three years which was imposed by the Strafford County Superior Court on April 21, 1966, relative to another crime.

The present motion was filed July 8, 1965, pro se. Attorney Joseph E. Michael, Jr., was appointed by the Court as counsel for the defendant, and on October 6, 1966, Attorney Thomas E. Porter was, at the request of the defendant, substituted for Attorney Michael as counsel.

On May 27, 1949, the defendant was under arrest in the Carroll county jail at Ossipee, New Hampshire, charged with breaking and entry and larceny. While under arrest he signed a confession, and on May 31, 1949, was bound over to the Superior Court. On June 1, 1949, having voluntarily signed a waiver of indictment, he pleaded guilty in the Superior Court and received the sentence of which he now complains. At no time was he represented by counsel. It is stipulated by the State that no stenographic record exists of the proceedings at defendant's arraignment.

The defendant claims that he was denied the right to counsel by the police and prosecuting authorities and an opportunity to telephone for the purpose of obtaining counsel or assistance. Defendant further claims that he was not afforded counsel prior to his confession and that in neither the municipal court where he was bound over nor in the Superior Court, where he waived indictment and pleaded guilty, did he knowingly and intelligently waive his right to counsel.

In essence the claim of the defendant that he did not knowingly and intelligently waive counsel at the time of his plea of

guilty in the Superior Court is the only one that need be considered. Any failure to be offered counsel prior to that time need only be considered in determining whether or not there was a proper waiver of counsel in the Superior Court. The defendant was entitled to counsel and his motion must be granted unless it is found after hearing that he intelligently and knowingly waived counsel. *Gideon* v. *Wainwright*, 372 U. S. 335; *Carnley* v. *Cochran*, 369 U. S. 506. The decisions of the United States Supreme Court relating to right of counsel are retroactive. *Doughty* v. *Maxwell*, 376 U. S. 202; *Palumbo* v. *New Jersey*, 334 F. 2d 524 ( 3d Cir. 1964 ).

The record shows that the defendant at the time of his arraignment in the Superior Court in 1949 was twenty - two years of age and a parolee from the State Prison after a conviction of assault with a gun in 1947. He had completed the eighth grade in school. At the time of his conviction in 1947 he was represented by an attorney furnished by his father.

The Trial Court found: "The defendant's testimony has not, for the most part been accepted by the Court, due to lack of credibility." The Court further found with reference to the waiver of counsel by the defendant as follows: "The defendant was not represented by counsel when he signed the confession nor was he in Municipal Court. He was not represented by counsel in Superior Court. However, he was asked by the Superior Court if he had an attorney, and upon his replying 'no', the Court asked him if he wanted one, to which he also replied 'no', whereupon he was arraigned and sentenced; this finding is based on evidence as to the habit and custom of the Presiding Judge."

Evidence was presented at the hearing before the Trial Court from the county solicitor who had represented the State in the 1949 hearing and from the then clerk of court. Their evidence was to the effect that they had no independent recollection of the defendant's arraignment in 1949 but that the Judge, in his usual practice, asked defendants if they had counsel and, in the event of a negative answer, further inquired if they desired counsel prior to arraignment.

*Carnley* v. *Cochran*, *supra*, makes it clear as do all other cases in this field that the age, intelligence and familiarity of the defendant with courts are substantial factors to be considered by the Court in determining whether or not there was an offer of counsel intelligently and understandingly rejected. *Browning* v.

*Crouse,* 356 F. 2d 178 ( 10th Cir. 1966 ); *United States* v. *Fay,* 242 F. Supp. 273 ( S.D.N.Y. 1965 ); *United States* v. *Fay,* 364 F. 2d 15 ( 2d Cir. 1966 ); *Bement* v. *State,* ( Idaho ), 422 P. 2d 55; *People* v. *Witenski,* 15 N. Y. 2d 392.

The Supreme Court of the United States reaffirmed in *Carnley* v. *Cochran, supra,* that a plea of guilty might raise a fact issue as to whether the accused did not intelligently and understandingly waive his constitutional right.

"However, we recognized in *Rice* v. *Olson* [ 324 U.S. 786 ] that, although the Fourteenth Amendment would not countenance any presumption of waiver from the appearance of the accused without counsel and silence of the record as to a request, the entry of the guilty plea might have raised a fact issue as to whether the accused did not intelligently and understandingly waive his constitutional right. We held that a hearing was required since the facts were in dispute." *Carnley* v. *Cochran,* 369 U. S. 506, 515.

Even though the Trial Court's findings were warranted by the the evidence, the record and findings are silent on whether or not the defendant was asked whether he desired assigned counsel in the event he was unable to afford counsel. The statute then in effect authorized but did not require the Trial Court to appoint counsel at public expense in the defendant's case. RSA 604:2; *Fitzgibbons* v. *Hancock,* 97 N. H. 162.

While the presumption of regularity, plus the Trial Court's lack of belief in the defendant's testimony, and the testimony of the sentencing Court's practice may be held sufficient to support a finding of waiver ( *Huffman* v. *Beto,* 260 F. Supp. 63 ( S.D. Texas 1966 )) we recognize that there is authority with a contrary trend. See *Meadows* v. *Maxwell,* 371 F. 2d 664 ( 6th Cir. 1967 ); *United States* v. *Fay,* 242 F. Supp. 273 ( S.D.N.Y. 1965 ); *Ebersole* v. *State,* 428 P. 2d 947 ( Idaho 1967 ). The silence of the record on the question of whether the defendant was offered appointed counsel is in any event fatal to the State's position. Presuming waiver from a silent record is impermissible, ( *Carnley* v. *Cochran, supra; Johnson* v. *Zerbst,* 304 U. S. 458 ) and even though we may say that because of the defendant's lack of credibility he did not sustain his burden of proof, the initial burden upon the State is to show either from the record or by allegation and evidence that the defendant intelligently and understandingly waived counsel. *United States* v. *Fay,* 242 F. Supp. 273 ( S.D.N.Y. 1965 ), *supra; Carnley* v. *Cochran, supra; Johnson*

v. *Zerbst, supra.* The failure of the evidence produced by the State to show the defendant was advised of his constitutional right to appointed counsel if indigent requires the granting of the defendant's motion.

We recognize the problems of the State in producing evidence after a lapse of seventeen years but it is well settled that lapse of time is not a bar to asserting a constitutional right. *Palmer* v. *Ashe,* 342 U. S. 134. It may be noted in passing that the present Superior Court practice of making a stenographic record of an arraignment and filing a transcript with the case file was started shortly after the date of this case and that in the future the State will no longer be faced with a "silent record."

*Remanded.*

All concurred.