**Glenn L. DES BOUILLONS, Petitioner,**

v.

**John C. BURKE, Warden, Wisconsin State Prison, Respondent.**

**No. 67–C–167(HC).**

United States District Court
W. D. Wisconsin.

July 22, 1968.

Thomas T. George, Madison, Wis., for petitioner.

Bronson C. LaFollette, Atty. Gen., Sverre O. Tinglum, Asst. Atty. Gen., Madison, Wis., for respondent.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, presently incarcerated in the Wisconsin State Prison, claims that he is being held in custody in violation of his rights under the Constitution of the United States. Petitioner alleges that he was denied due process of law in that he was not informed of his right to be represented by counsel.

Leave was granted to file the petition *in forma pauperis,* respondent was directed to respond, and a response was filed. Thomas T. George of Madison was appointed as attorney for petitioner. The court expresses its appreciation to Mr. George.

Pursuant to an order of this court, briefs were submitted by both parties and a hearing was held on July 11, 1968, on whether this court need conduct an evidentiary hearing.

Counsel for the parties were invited to comment in their briefs on the question of how a burden of persuasion at the state hearing, differing from the burden in a federal evidentiary hearing, might affect this court's ability to adopt the state court's findings of fact.

Counsel for the respondent has raised cogent arguments against relying upon a difference in the burdens of persuasion as a basis for requiring a separate evidentiary hearing here. It is argued that such a rule might encourage the state to shift to the petitioner the burden of persuasion now borne by the respondent, in order to avoid a necessity for repetitive evidentiary hearings. It appears, however, that a resolution of this question is not necessary to the determination of this case.

■ Under the Wisconsin rule applied in the state evidentiary hearing, the burden is on the state to prove by clear and convincing evidence that the defendant intelligently waived his right to counsel. Van Voorhis v. State, 26 Wis.2d 217, 131 N.W.2d 833 (1965).

There is a strong presumption against waiver of a fundamental right, Carnley v. Cochran, 369 U.S. 506, 514, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Von Moltke v. Gillies, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309 (1948); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L. Ed. 1461 (1938). Therefore, in a federal hearing, the burden is also on the state, but this burden is defined differently. It is defined as a burden to prove that the accused affirmatively acquiesced in proceeding without counsel. The elements of affirmative acquiescence are: (1) that the petitioner had knowledge of his right to counsel, and of his right to counsel at public expense, if he was financially unable to retain counsel; and (2) that by some affirmative word or act petitioner consented to proceed without counsel. Carnley v. Cochran, supra; United States ex rel. Jefferson v. Fay, 364 F.2d 15 (2d Cir. 1966); United States ex rel. Brown v. Fay, 242 F.Supp. 273, 276 (S.D.N.Y.1965). However, once the state has met this burden of proving affirmative acquiescence, the petitioner has the burden of showing that this affirmative acquiescence was not competent or understanding or voluntary, and thus was not a true waiver. *Jefferson*, supra; *Brown*, supra.

In the present case, the court record with respect to the proceedings through the pleas of guilty and sentencing contains no showing that petitioner was advised of, or otherwise understood, his right to counsel and thus fails to establish one of the necessary elements of affirmative acquiescence. Therefore the burden in this court would rest upon the respondent, just as it did in the state court, to prove this element of affirmative acquiescence by proof of events outside the courtroom.

In the state habeas corpus proceeding, the Supreme Court ordered that an evidentiary hearing be held, and this hearing was held on June 2, 1967, before Hon. Herbert Bunde, Circuit Judge, for Wood County, Wisconsin. After the taking of testimony and the submission of briefs, Judge Bunde found that "the state had met its burden of proof and that the defendant did in fact make an intelligent waiver of counsel." Memorandum Opinion, p. 5. Unfortunately it is not entirely clear from Judge Bunde's opinion whether it was based on a finding that the petitioner had been advised of his rights or whether it was based on a finding that "the advice was unnecessary in the particular case"; Memorandum Opinion, p. 4.

■ Under 28 U.S.C. § 2254(d) (8), the state court's findings of fact are presumed to be correct unless they are not fairly supported by the record as a whole. If the findings are not so supported, this court has the power to hold its own evidentiary hearing and to make its own findings of fact. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

■ Sheriff Becker testified before Judge Bunde that the accused was informed, out of court, of the possible punishment for each charge against him (Tr. 46), and that on several occasions out of court petitioner was informed that he had a right to be represented by counsel and that if he couldn't afford to pay, the county would pay for his lawyer (Tr. 36, 48). While this testimony is contradicted by that given by petitioner (Tr.

54), Judge Bunde was in a position to make a demeanor or credibility judgment. I construe Judge Bunde's finding as a finding that petitioner was in fact adequately informed, out of court, concerning his right to counsel prior to his statement in court that he did not desire counsel. I hold that this finding is fairly supported by the record as a whole. No federal evidentiary hearing is required.

■ Since petitioner was informed of his right to counsel and nevertheless declared in court that he desired to proceed without counsel, respondent has met the burden of persuasion imposed upon him in both the state court and the federal courts to show that petitioner affirmatively acquiesced in proceeding without counsel. Thus, petitioner has not been deprived of due process unless he can show that this acquiescence was not competent or understanding or voluntary. He has made no such allegation.

The petition for a writ of habeas corpus is hereby denied.