Manchester District Court
No. 6858

STATE OF NEW HAMPSHIRE

v.

PIERRE L. DAIGLE

October 31, 1974

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* attorney *(Mr. Smith* orally), for the State of New Hampshire.

*Green, Sullivan & Green (Mr. Leonard S. Green* orally) for the defendant.

GRIMES, J. The issue in this case is whether the district court has jurisdiction to hear and act on defendant's motion to withdraw his plea of guilty on the ground that he did not understandingly waive counsel and enter the guilty plea. We hold that the court has such jurisdiction.

Defendant was charged with unlawful possession of a controlled drug, marijuana, contrary to RSA 318-B:2 (Supp. 1973). He appeared before the Manchester District Court on September 21, 1970, where, before arraignment and plea, he was informed of his right to counsel including free counsel if he were indigent. He nevertheless entered a guilty plea and did not request counsel. Defendant, who was 18 years old at the time of his plea, is a Canadian citizen, born in Quebec of an American mother. In 1961 the family moved to the United States and have resided here ever since. Because

of his conviction on his plea of guilty, deportation proceedings have been instituted against him and we are informed that the United States Department of Justice has no discretion but to proceed in the matter. The defendant obtained counsel and thereafter moved to withdraw his guilty plea and set aside his conviction. This motion was denied on November 29, 1973, with the notation "see *State v. Flynn* 110 N.H. 451". Defendant's motion for a rehearing on his motion was denied on December 18, 1973, and the defendant's exceptions were transferred by *Capistran,* J.

It appears that the district court did not consider the merits of defendant's motion but considered itself without jurisdiction because of *State v. Flynn,* 110 N.H. 451, 272 A.2d 591 (1970). In that case, after a guilty verdict, the district court stayed defendant's appeal and reconsidered its judgment on defendant's motion because of an alleged violation of his rights under *Miranda v. Arizona,* 384 U.S. 436 (1966). Thereafter, without notice to the State, the court vacated its finding and dismissed the complaint. Later, the court reinstated the finding of guilty and reimposed the sentence, stating that it "was error" to dismiss the complaint without notice to the State. The latter order stated that appeal could be taken "within three days . . . as per RSA 599:1-a".

Defendant in *Flynn* appealed to the superior court where he moved to dismiss the complaint on the ground of "res adjudicata and former jeopardy". His exception to the denial of this motion was transferred to this court. We there held that the order of the district court vacating its finding of guilt was "void, because beyond the power of the court to enter it". This holding was based on RSA 599:1-a (Supp. 1973) which permitted a defendant to petition the court for a late appeal within three days from the date sentence was declared if he failed to do so at the time such sentence was declared as required by RSA 599:1 (Supp. 1973). It was said that this three-day period marked the outer limit of the court's jurisdiction to modify or vacate a verdict in a criminal case considering the established policy requiring prompt appeal.

Defendant in this case is seeking to be relieved of the consequences of his own act done without counsel and which he contends was not done intelligently and understandingly

with full knowledge of the consequences. *Boykin v. Alabama,* 395 U.S. 238 (1969); *State v. Manoly,* 110 N.H. 434, 270 A.2d 611 (1970). These are matters falling outside the normal issues raised on appeal and motions raising them are not barred from consideration by limitations on the time for appeal. Defendant's motion is in the nature of a petition for a writ of habeas corpus which "provides a remedy for . . . constitutional errors at the trial without limit of time." *United States v. Smith,* 331 U.S. 469, 475 (1947). *See also State v. Herbert,* 108 N.H. 332, 235 A.2d 524 (1967).

We express no opinion on the merits of the motion but hold only that the district court is not without jurisdiction to act on it.

*Exception sustained; remanded.*

All concurred.