Grafton
No. 6771

STATE OF NEW HAMPSHIRE

v.

EDWARD R. CLOUGH

January 31, 1975

8

*Warren B. Rudman,* attorney general, and *John L. Ahlgren,* attorney *(Mr. Ahlgren* orally), for the State of New Hampshire.

*Edes & Elliott (Mr. Louie C. Elliott, Jr.* orally) for the defendant.

GRIFFITH, J. This is a proceeding under RSA ch. 262-B (Supp. 1973) to have the defendant found to be an habitual offender. Under the provisions of RSA 262-B:2 (Supp. 1973) a person is an habitual offender who has been convicted of three offenses under RSA 262-A:62, and no license to operate a motor vehicle shall be issued to an habitual offender for a period of four years from such determination. The defendant in this case pleaded guilty to operating a motor vehicle while under the influence of intoxicating liquor in violation of RSA 262-A:62 in 1965 and again in 1969. In 1972, he was charged and convicted in the Littleton District Court for a violation of RSA 262-A:62. The conviction was appealed to the Grafton County Superior Court wherein he was convicted in a trial de novo. All three convictions resulted in fines and suspension of defendant's driver's license and are the basis for the present proceedings in the superior court to have the defendant declared an habitual offender. As a result of defendant's motion to dismiss, the Trial Court *(Batchelder,* J.) reserved and transferred two questions without ruling.

The first question related to a claim of retrospective application of the habitual offenders act and defendant concedes that the issue was determined adversely to him in *State v. Vashaw,* 113

N.H. 636, 312 A.2d 692 (1973). That holding governs this case and determined that it was not a retrospective application of the habitual offenders act.

The second question reads as follows: "The State of New Hampshire seeks to use two convictions which resulted from guilty pleas entered without advice of counsel; further, the record of these convictions does not show that Defendant intelligently and knowingly waived his right to counsel. Does the use of these two convictions, for this purpose, violate Defendant's right to due process of law under the 14th Amendment to the Constitution of the United States?"

In arguing that the convictions of the defendant in 1965 and 1969 for violation of RSA 262-A:62 were void because pleas of guilty were accepted without the advice of counsel and so their use in proceedings under RSA ch. 262-B (Supp. 1973) would be a violation of due process, defendant relies upon *Argersinger v. Hamlin,* 407 U.S. 25 (1972). In *Argersinger,* the Supreme Court held that "absent a knowing and intelligent waiver, no person may be *imprisoned* for an offense, whether classified as petty, misdemeanor, or felony unless he was represented by counsel at his trial." *Id.* at 37. (Emphasis added.) In *Berry v. Cincinnati,* 414 U.S. 29 (1973), the constitutional rule enunciated in *Argersinger* was held to apply to those convicted before the *Argersinger* decision who faced incarceration.

The narrow focus of the *Argersinger* case upon imprisonment rather than conviction as the test of constitutionally required counsel precludes its application to a collateral attack upon the uncounseled guilty pleas in this case. Following *Argersinger,* federal courts have refused to require counsel in a state misdemeanor case where there was a potential of imprisonment *(Sweeten v. Sneddon,* 463 F.2d 713 (10th Cir. 1972)) or to consider as invalid a misdemeanor conviction without counsel that did not result in imprisonment. *Cottle v. Wainwright,* 477 F.2d 269 (5th Cir. 1973), *vacated on other grounds,* 414 U.S. 895 (1973). In *Marston v. Oliver,* 485 F.2d 705 (4th Cir. 1973), the court refused to invalidate a prior uncounseled conviction used to declare defendant an habitual offender, with a consequential ten-year loss of driver's privileges, although defendant had served a prison sentence as a result of the conviction. *See also Morgan v. Juvenile & Dom. Rel. Ct.,* 491 F.2d 456 (4th Cir. 1974). The defendant in this case was not incarcerated as a result of any of his three convictions, including the one in which he had counsel, and there is no alle-

gation that he was indigent. There has been some disagreement in the collateral application of convictions obtained in violation of *Argersinger* (*See Matthews v. State of Florida*, 463 F.2d 679 (5th Cir. 1972); *Marston v. Oliver*, 485 F.2d 705 (4th Cir. 1973)), and it is evident that the extent of its collateral use is unclear. Note, *Argersinger v. Hamlin and the Collateral Use of Prior Misdemeanor Convictions of Indigents Unrepresented By Counsel at Trial*, 35 Ohio St. L.J. 168 (1974). However certain limitations on the extent of the *Argersinger* mandate are obvious. The two convictions in the present case appear immune to direct or collateral *Argersinger* attack since they did not result in imprisonment and there is no suggestion that the defendant was indigent. Under these circumstances their use under RSA ch. 262-B (Supp. 1973) appears proper. *Marston v. Oliver*, 485 F.2d 705 (4th Cir. 1973); *Cottle v. Wainwright*, 477 F.2d 269 (5th Cir. 1973). Accordingly, question number two is answered in the negative.

In his brief and argument defendant suggests that the 1969 conviction is in violation of our own State constitution. N.H. CONST. pt. 1, art. 15 was amended in 1966 and the following sentence added: "Every person held to answer in any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the State if need is shown; this right he is at liberty to waive, but only after the matter has been thoroughly explained by the court."

The language of our constitution does not rest the right to counsel upon the punishment of imprisonment but gives that right to every person accused of a crime "punishable by deprivation of liberty" whether or not such punishment is imposed. N.H. CONST. pt. I, art. 15. Since violation of RSA 262-A:62 is punishable by imprisonment, the 1969 guilty plea without counsel would be in violation of our constitution if the defendant did not intelligently waive that right after it had "been thoroughly explained to him."

While we have been diligent to afford individuals the greater rights to counsel afforded by our constitution beyond those afforded by the Federal Constitution (*See Opinion of the Justices*, 109 N.H. 508, 256 A.2d 500 (1969)) we note that the challenge to the 1969 conviction in this case is in a collateral proceeding. Ordinarily when a conviction has not been appealed or has been appealed and withstood direct attack, its validity may not be questioned collaterally if the court had jurisdiction. 5 F. Wharton, Criminal Law and Procedure § 2238 (P. Anderson ed. 1957); *see Hickox v.*

*J. B. Morin Agency, Inc.,* 110 N.H. 438, 443, 272 A.2d 321, 324 (1970). However, it has been held in a collateral attack on a conviction by habeas corpus, that the jurisdiction of a court can be "lost" through failure to provide a defendant with counsel in violation of the Federal Constitution. *Johnson v. Zerbst,* 304 U.S. 458 (1938). Later habeas corpus cases have permitted evidentiary hearings to focus on federal constitutional deficiencies without reference to jurisdiction. *Fay v. Noia,* 372 U.S. 391 (1963); *Townsend v. Sain,* 372 U.S. 293 (1963). The evidentiary hearing in habeas corpus proceedings has provided a vehicle in this State for determining federal constitutional violations in the trial court after the time for direct appeal has expired. *State v. Daigle,* 114 N.H. 679, 327 A.2d 711 (1974); *State v. Herbert,* 108 N.H. 332, 235 A.2d 524 (1967).

The record in this case consists only of a certified copy of the record of the defendant's plea of guilty to the 1969 offense and the recital in defendant's motion to dismiss that he was without counsel. There is no claim of indigence and nothing to indicate whether or not the defendant knowingly and intelligently waived counsel. In accordance with the provisions of RSA 502-A:19-a, we recently approved new tentative criminal rules for the district and municipal courts which require the judge to certify in writing that the defendant has been informed of his right to counsel prior to accepting a written waiver of his right to counsel. *See* Criminal Rules, District and Municipal Courts Rule 2.9, effective September 1, 1974. In the absence of such written certificates and waiver, there is no written record in a district court of the acceptance of a plea since, unlike the superior court, stenographic records are not generally made. *See State v. Herbert,* 108 N.H. 332, 235 A.2d 524 (1967). We deem it inappropriate to exercise our powers of general superintendence over the district court by collaterally striking down the 1969 conviction in this case on the "no record" before us. Instead we remand this case for an evidentiary hearing to determine whether the defendant fairly and intelligently waived his right to counsel under the New Hampshire constitution in the 1969 conviction. *See State v. Daigle,* 114 N.H. 679, 327 A.2d 711 (1974).

*Remanded.*

All concurred.