Cheshire
No. 7005

STATE OF NEW HAMPSHIRE

v.

WALTER L. MAXWELL

June 30, 1975

*Warren B. Rudman,* attorney general, and *Edward N. Damon,* attorney, by brief, for the State.

*Cristiano & Kromphold,* by brief, for the defendant.

PER CURIAM. This is an appeal to the superior court from a conviction in the Keene District Court on a charge of driving while intoxicated on June 9, 1973, subsequent offense. RSA 262-A:62, as amended by Laws 1971, 269:1. The sanctions under this statute for a second offense are more severe than for a first offense, to which the defendant, unrepresented by counsel, had pleaded nolo and was convicted on April 11, 1972, in the same court. From this first conviction he took no appeal.

Prior to trial in the superior court in 1974 the defendant moved to dismiss the complaint on the ground that on his first conviction: "At no time was the Respondent represented by counsel nor does any stenographic record exist of the proceedings at Defendant's arraignment . . . ." The Court *(King,* J.) denied the motion and transferred the defendant's exception.

The defendant's failure to appeal the 1972 conviction does not bar the constitutional issue raised by his motion. *State v. Daigle,* 114 N.H. 679, 327 A.2d 711 (1974); *see State v. Herbert,* 108 N.H. 332, 235 A.2d 524 (1967). In addition to the allegations in his motion the defendant argues in his brief for the first time that he did not validly waive his right to counsel at the 1972 hearing. We agree that the defendant's first conviction under RSA 262-A:62 (1971) would have been invalid absent a knowing and intelligent waiver of the right to counsel and could not have been used as a basis for a conviction under RSA 262-A:62 (1971), second offense. *State v. Herbert,* 108

N.H. 332, 235 A.2d 524 (1967); *State v. Manoly,* 110 N.H. 434, 270 A.2d 611 (1970); *see State v. Clough,* 115 N.H. 7, 332 A.2d 386 (1975).

The New Hampshire constitution pt. I, art. 15 provides in part: "Every person held to answer in any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the state if need is shown; this right he is at liberty to waive, but only after the matter has been thoroughly explained by the court." *See also* RSA 604-A:2. The difficulty with the defendant's position, so far as passing judgment on its merits is concerned, is that according to the record he never brought to the attention of the trial court, by his motion or otherwise, the vital issues necessary to test the validity of his 1972 conviction. He did not claim indigence, or that his waiver was not knowingly or intelligently made, or that the matter had not been thoroughly explained to him prior to his waiver. *State v. Herbert supra.* In short, both the record before the trial court and that before us is barren of essential facts or allegations. Present procedures insure against such situations and provide for a record to be made which will allow for determination of such cases upon facts and not speculation. *State v. Clough supra;* RSA 502-A:19-a; *see* Criminal Rules, District and Municipal Courts, Rule 2.9, effective September 1, 1974, renewed effective August 1, 1975.

It is proud boast of the law that the object of a trial is to discover the truth. Obviously this cannot be accomplished until the relevant facts are known. While no presumption of a valid waiver can be found from a silent record *(State v. Herbert supra),* the record does not establish that none existed. Therefore, as in *Clough,* we deem it inappropriate to overrule the trial judge by collaterally striking down the 1972 conviction. The case will be remanded for an evidentiary hearing, upon the assumption that all questions necessary to determine whether the waiver of counsel in the 1972 conviction was valid will be raised before the trial court. Upon hearing, the burden will be upon the State to prove that the defendant knowingly and intelligently waived his right to counsel *(Boykin v. Alabama,* 395 U.S. 238 (1969)), after the matter had been thoroughly explained to him by the court. N.H. CONST. pt. I, art. 15; *State v. Herbert,* 108 N.H. 332, 235 A.2d 524 (1967); *see St. Pierre v. Vitek,* 114 N.H. 766, 330 A.2d 117 (1974).

The order is

*Remanded.*