Merrimack District Court
No. 7079

STATE OF NEW HAMPSHIRE v. GHISLAIN BEAULIEU

August 29, 1975

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* assistant attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the State.

*James A. Nadeau,* by brief and orally, for the defendant.

GRIMES, J. The question before the court is whether defendant's plea of guilty to a misdemeanor charge of driving while intoxicated (RSA 262-A:62 (Supp. 1973)) is valid.

The issue arose out of a denial of a motion filed September 12, 1974, to vacate and set aside a judgment which had been entered in Merrimack District Court on April 2, 1974. On the latter date, the defendant had appeared and pleaded guilty to the charge of driving while intoxicated. At that time, he was not represented by counsel but he executed a waiver of counsel form. That form explains, in part, in preprinted language: "[t]he undersigned justice of the MERRIMACK DISTRICT COURT having inquired into the education and background of the defendant, is satisfied that he fully understands his right to have an attorney represent him . . . . Based on this inquiry the court believes that the defendant has the mental capacity to evaluate this right, and having done so, to knowingly and intelligently form a reasoned judgment waiving it." The waiver is dated April 2, 1974, and is signed by both the District Court Justice (*Stein,* J.) and the defendant. On the basis of the defendant's guilty plea, the court imposed a $200 fine and revoked his license for sixty days.

The record, however, is silent as to whether the defendant was informed of the penalties which could be imposed, or of the consequences of his plea including the waiver of constitutional rights which result from such a plea. It appears that the defendant was subsequently arrested in Nashua on a charge of operating a motor vehicle under the influence, second offense. Trial was scheduled on September 16, 1974, in Nashua District Court, but on September 12, 1974, the defendant moved in Merrimack District Court to vacate his April 2, 1974 conviction.

Defendant argues that the earlier conviction should be set aside, since he was inadequately apprised of his constitutional rights prior to his plea of guilty. The motion to vacate was denied and the defendant's exception was transferred by *Morrill,* J. Since there is no stenographic record of the proceedings in the district court on the matter challenged, the record consists of the reserved case, which contains the waiver of counsel form, a copy of the conviction form, the initial complaint, and a factual summary of the judicial hearings to date.

Our district courts, courts of limited jurisdiction, have the authority and power to permit withdrawal of guilty pleas based on an infringement of a defendant's constitutional rights. *State v. Daigle,* 114 N.H. 679, 327 A.2d 711 (1974). *Boykin v. Alabama,* 395 U.S. 238 (1969), which requires a knowing and intelligent waiver of rights before acceptance of a guilty plea, is a well settled part of the law of this State. *State v. Manoly,* 110 N.H. 434, 437, 270 A.2d 611, 613

(1970); *St. Pierre v. Vitek,* 114 N.H. 766, 769, 330 A.2d 117, 119 (1974); Annot., 25 L. Ed. 2d 1025 (1971). *St. Pierre v. Vitek supra* further established that the State has the initial burden of showing the defendant's waiver was voluntary and knowing.

Compliance with the principles of *Boykin* in misdemeanor cases does not require any particular form of procedure. There may be a variety of ways to take a plea so long as there is no impairment of constitutional rights. From the record before us, however, we cannot determine whether there was an evidentiary hearing on defendant's motion in the district court or if there was, what evidence was offered. Nor has the district court made any findings with regard to what procedure was followed in accepting defendant's guilty plea to determine if there was a valid waiver of the constitutional rights involved. We therefore remand the case to the district court for an evidentiary hearing and findings of fact. *State v. Maxwell,* 115 N.H. 363, 341 A.2d 766 (1975). If the plea is permitted to be withdrawn, the defendant will be entitled to a trial.

*Remanded.*

DUNCAN, J., did not sit; the others concurred.