THE STATE OF NEW HAMPSHIRE

v.

STEPHEN J. ROBINSON

June 7, 1977

*David H. Souter,* attorney general, and *Anne E. Cagwin,* of Concord, attorney, for the state of New Hampshire, filed no brief.

*Falardeau & Mahan,* of Tilton (*Mr. Richard W. Mahan* orally), for the defendant.

BOIS, J. Action on a petition to vacate an order that defendant is a habitual offender and a petition to set aside defendant's conviction for operating a motor vehicle after being decreed to be a habitual offender.

On December 20, 1973, the Superior Court (*Mullavey,* J.) found Robinson to be a "habitual offender" under the motor vehicle laws. RSA 262-B:1 *et seq.* (Supp. 1975). On July 4, 1974, the defendant was arrested and charged with operating a motor vehicle after having been found to be a habitual offender. RSA 262-B:7 (Supp. 1975). A conviction was obtained, and defendant was sentenced to a mandatory prison term.

In this collateral attack the defendant claims that the prior motor vehicle convictions on which the habitual offender finding was based are constitutionally defective. The state joined Mr. Robinson in his request for relief. Notwithstanding this concession, the court denied relief and defendant's exceptions have been reserved and transferred by.*Mullavey,* J.

Under the statute, habituality is shown by "[t]hree or more convictions, singularly or in combination," of certain enumerated

offenses. RSA 262-B:2 (Supp. 1975). The state had relied on four convictions appearing on a "certified abstract" of defendant's motor vehicle conviction record. Two of the convictions resulted from driving-while-under-the-influence charges to which he had pleaded not guilty; the other two convictions stemmed from pleas of guilty and "nolo" to charges of driving after license revocation and failing to report an accident respectively. All offenses except driving after license revocation were then punishable by imprisonment.

Defendant alleges that, in fact, he "was not represented by counsel in any of the aforesaid hearings, nor was he then aware of his rights to be, nor was he aware of his various constitutional rights at the time he entered his pleas . . . nor was he aware of the consequences of those pleas. . . ."

Defendant's allegations squarely put in issue the validity of the convictions used in the habitual offender proceedings. *See State v. Maxwell,* 115 N.H. 363, 341 A.2d 766 (1975); *State v. Clough,* 115 N.H. 7, 332 A.2d 386 (1975). The state has conceded the merits of those allegations by joining in the request for the relief sought. *See State v. Maxwell,* 115 N.H. at 365, 341 A.2d at 767; *State v. Clough,* 115 N.H. at 11, 332 A.2d at 389. We must conclude that the habitual offender decree lacks sufficient supporting convictions.

The relief prayed for must be granted and the habitual offender decree and the subsequent conviction for its violation must be vacated.

*Exceptions sustained.*

All concurred.