Rochester District Court
No. 7785

## THE STATE OF NEW HAMPSHIRE

v.

### ROBERT C. GOFF

October 24, 1977

*David H. Souter,* attorney general, and *Edward N. Damon,* assistant attorney general (*Mr. Damon* orally), for the state.

*Fisher, Parsons, Moran & Temple,* of Dover, *Ronald B. Willoughby* and *Edward T. Clancy* (*Mr. Clancy* orally), for the defendant.

PER CURIAM. Defendant was charged with and convicted of the misdemeanor of reckless operation of a motor vehicle, RSA 262-A:61 (Supp. 1975), and violation of a Rochester city ordinance, section XVI (unnecessary noise). Prior to trial the defendant moved to dismiss (quash) the summonses. After a hearing, the District Court (*Cooper,* J.) denied the motion and reserved and transferred the defendant's exceptions.

The facts, simply stated, are as follows: On June 27, 1976, a New Hampshire State police officer, while located in East Rochester, New Hampshire, heard the squealing of tires of a motor vehicle. The officer proceeded after the vehicle as it went into the State of Maine, and a highspeed chase ensued. The defendant led the trooper, who had his blue lights flashing and siren operating, into New Hampshire again, at speeds of up to 100 m.p.h. The officer notified by radio other police units in the area of the chase and identity of the defendant's vehicle. An officer of the Lebanon, Maine, police department had set up a roadblock in Lebanon, and the New Hampshire State police officer, temporarily having lost sight of the defendant's vehicle and having reentered Maine, learned from the Lebanon police officer that a vehicle similar to the defendant's had turned into a field just after coming over from New Hampshire. The State police officer there found the defendant. The New Hampshire officer issued to the defendant (a resident of Maine) at that time two separate summonses to appear in the Rochester District Court for the aforementioned violations. On the basis of those summonses separate complaints were subsequently sworn to by the State police officer and filed with the clerk of the district court. The defendant was never placed under arrest in New Hampshire.

Before trial defendant's counsel entered a special appearance and filed a motion to dismiss the summonses for lack of jurisdiction. The crux of this motion was that because Maine's statute (15 Me. Rev. Stat. Ann. ch. 7, §§ 151–54) only authorizes foreign state officers to make an arrest in Maine when in pursuit of one believed to have committed a *felony,* and that because the violations defendant was believed to have committed did not constitute felonies, the

New Hampshire State police officer was not vested with the official authority necessary to issue enforceable summonses when he apprehended the defendant in Maine.

Counsel for defendant appeared alone to argue his motion attacking the legal validity of the summonses. At oral argument in this court, defendant's counsel asserted that the district court, denying the motion, told defense counsel "as an officer of the court" to produce his Maine client for trial. The state did not contradict this statement but asserted nonetheless that the defendant's later appearance upon order of his attorney was "voluntary."

"[B]oth the record before the trial court and that before us is barren of essential facts or allegations. . . . It is [a] proud boast of the law that the object of a trial is to discover the truth. Obviously this cannot be accomplished until the relevant facts are known." *State v. Maxwell,* 115 N.H. 363, 365, 341 A.2d 766, 767 (1975). Accordingly, this case is remanded so that an agreed statement of facts or an evidentiary hearing may be produced as to the conversation between the district court judge and Attorney Willoughby regarding the presence of Mr. Goff for trial. *See State v. Maxwell supra* and *State v. Clough,* 115 N.H. 7, 11, 332 A.2d 386, 389 (1975).

*Remanded.*