Rochester District Court
No. 78-111

## THE STATE OF NEW HAMPSHIRE

v.

## ROBERT C. GOFF

October 30, 1978

*Thomas D. Rath*, attorney general (*Edward N. Damon*, assistant attorney general, on brief), for the State.

*Fisher, Parsons, Moran & Temple*, of Dover (*Ronald B. Willoughby*, on brief), for the defendants.

DOUGLAS, J.  We are called upon to determine whether a New Hampshire peace officer has authority to issue valid summonses while out of state, and whether a nonresident defendant is precluded from appealing a trial court's denial of a motion to quash such summonses when he submits to the trial court's jurisdiction for a trial on the merits. We answer both questions in the negative and order the summonses against the defendant quashed and the convictions set aside.

The defendant was convicted of reckless operation of a motor vehicle, RSA 262-A:61 (1977), and violation of a Rochester City Ordinance, Section XVI (unnecessary noise). We summarized the facts in an earlier opinion which remanded the case to the trial court for an agreed statement of facts or an evidentiary hearing to enable us to resolve the issue of the voluntariness of the defendant's submission to the trial court's jurisdiction. *State v. Goff*, 117 N.H. 830, 379 A.2d 206 (1977). The hearing on remand failed to resolve adequately the factual dispute between the trial court and defense counsel, thereby depriving this court of the necessary record for judicious appellate review. Thus, we refrain from deciding the issue of the voluntariness of the defendant's submission to the trial court's jurisdiction. We therefore reserve judgment on the present validity in this State of the traditional doctrine that a court's jurisdiction is unaffected even though a defendant has been improperly brought before it. *See State v. Keating*, 108 N.H. 402, 236 A.2d 684 (1967); *State v. Baron*, 106 N.H. 149, 207 A. 2d 447 (1965). Nevertheless, we find no barrier to considering the defendant's exception to the trial court's denial of his motion to quash the summonses.

A New Hampshire State police officer observed the defendant commit a traffic offense in Rochester, New Hampshire. A high-speed chase ensued, during which the defendant fled into Maine. The officer followed the defendant into Maine and issued him two summonses to appear in Rochester District Court.

Defense counsel entered a special appearance without the defendant present and moved to quash the summonses, arguing that the police officer had been without authority to issue them in a foreign State. The Trial Court (*Cooper*, J.) denied the motion and reserved and transferred the defendant's exceptions to that ruling to this court. He then strongly urged defense counsel to submit his client to a trial on the merits and appeal the denial of the motion to quash the summonses only upon being found guilty. The trial court's advice was consistent with our subsequent expression of policy discouraging transfers to this court of interlocutory matters in misdemeanor or violation cases from district or municipal courts except in exceptional circumstances. *State v. Doyle*, 117 N.H. 789, 378 A.2d 1379 (1977). *See also State v. Varney*, 117 N.H. 163, 370 A.2d 289 (1977).

In conformance with the trial court's request, defense counsel subsequently produced the defendant for a trial on the merits, although the record shows that he carefully noted his exception to the court's denial of the motion to quash the summonses, and that

the court specifically permitted him to raise the issue to this court after trial. The trial court found the defendant guilty and appeal was taken. This court has held that a defendant's exception to a trial court's denial of a motion to dismiss for lack of jurisdiction is preserved for this court's review even though a final judgment has been rendered against the defendant on the merits. *Merrimack Paving Co. v. Southwick*, 106 N.H. 138, 207 A.2d 438 (1965). Therefore, the issue of the validity of the summonses issued to the defendant is properly one for our determination.

The State places strong emphasis on a recent Maine Supreme Court decision that overruled a defendant's exception to the trial court's assumption of jurisdiction where the State had compelled defendant's presence without proper process. *See State v. Stone*, 294 A.2d 683 (Me. 1972). The State ignores, however, the crucial distinction between that case and the present case. In *Stone*, there was no timely exception to the court's jurisdiction before the defendants submitted to a trial on the merits. The personal jurisdiction issue was thereby waived. *State v. Stone, id.* at 693. In the present case, defense counsel made a special appearance to protest the trial court's personal jurisdiction over the defendant, and submitted his client for a trial on the merits only after a request from the bench. The defendant affirmatively preserved the issue of personal jurisdiction for appeal. This court can review timely exceptions to rulings preliminary to trial where the defendant is ultimately convicted. *See, e.g., State v. Shutt*, 116 N.H. 495, 363 A.2d 406 (1976) (reviewed the denial of defendant's preliminary motion to suppress the results of a breathalyzer test).

The authority to arrest or to issue a summons to an individual by a police officer in New Hampshire is set forth in RSA 594:10 and :14. The territorial jurisdiction of New Hampshire police extends *only* to the borders of the sovereign State of New Hampshire. N.H. CONST. pt. I, art. 7, and RSA 625:4, :7. The one exception is the Uniform Law on Interstate Fresh Pursuit, adopted by both New Hampshire, RSA ch. 614 (1974), and Maine, 15 Me. R.S.A. § 154 (1964), which allows border crossing if in fresh or "hot" pursuit for a *felony*.

The authority of a New Hampshire State police officer while in a foreign jurisdiction is derived from the law of that jurisdiction. Thus, we look to Maine law to determine whether the officer in the present case had authority to issue valid summonses to the

defendant. N.H. CONST. pt. I, art. 7; RSA 625:4, :7 (1964). Maine law confers only limited authority on peace officers of a foreign State, specifically the authority to enter Maine and make an arrest if in fresh pursuit of a suspected *felon.* 15 Me. R.S.A. § 154 (1964). Neither offense committed by the defendant in the present case is a felony. Thus, because the New Hampshire officer was without authority to make an arrest, he was without authority to issue summonses to the defendant. RSA 594:14 (Supp. 1977). Those that he issued were invalid. We hold that the district court judge erred in denying the defendant's motion to quash the summonses.

The quashing of the summonses requires the setting aside of the defendant's convictions. For purposes of the proceedings which occurred in the present case, personal jurisdiction of the Rochester District Court over the defendant existed only if the summonses were valid. Thus, the defendant's convictions in these proceedings were invalid and must be set aside. Since the Rochester District Court has proper jurisdiction over the defendant's offenses, the defendant may be summonsed or arrested and tried in accordance with proper procedures when he can be found in New Hampshire.

*Exception sustained.*

All concurred.