Laconia District Court
No. 80-132

THE STATE OF NEW HAMPSHIRE

v.

GARDNER G. GREENE, JR.

September 26, 1980

*Gregory H. Smith,* acting attorney general, and *Peter W. Heed,* assistant attorney general, by brief for the State.

*Gallagher, Callahan & Gartrell,* of Concord, by brief for the defendant.

MEMORANDUM OPINION

This is an interlocutory transfer without ruling by *Huot,* J., requesting answers to the following questions:

1. "Does RSA 105:13 authorize a chief of police to deputize all of the police officers of another city or town without limitation by writing a letter to the chief of police of another city or town?"
2. "Does RSA 105:13 authorize a chief of police to deputize all of the police officers of another city or town without naming the said officers?"

On August 24, 1979, the defendant was driving his motor vehicle behind a Laconia Police Department cruiser when the cruiser stopped in the highway in Laconia. The defendant, for some reason, was unable to stop before colliding with the cruiser. The Gilford Police Department, in response to a call, sent a cruiser to the scene and a Gilford officer arrested the defendant for driving under the influence of intoxicating liquor. RSA 262-A:62.

During the course of the trial, the question was raised whether the Gilford police officer had authority to make the arrest in Laconia. RSA 105:13 extends the authority of police officers of any town to any other city or town provided the chief law enforcement officer of that other town has requested in writing the mutual assistance of such officer. On May 24, 1979, the chief of police of Laconia wrote a letter to the chief of police of Gilford requesting assistance if it became necessary over "motorcycle weekend . . . and throughout the year." No specific officers were requested.

The defendant argues that the statute does not authorize a blanket request but requires the naming of the officers and for a limited time. Therefore, he contends, the officer acted outside his jurisdiction in making the arrest and the charge must be dropped. We disagree.

An illegal arrest, without more, is neither a bar to subsequent prosecution nor a defense to a valid conviction. *United States v. Crews,* 100 S. Ct. 1244, 1251 (1980). Whether the arrest was legal or not is immaterial unless evidence is obtained as the result of the allegedly illegal detention. *See Rawlings v. Kentucky,* 100 S. Ct. 2556 (1980); *United States v. Crews supra.*

*State v. Goff*, 118 N.H. 724, 393 A.2d 562 (1978), does not help the defendant because in that case the defendant was in court at his trial because of an illegal summons. Here it does not appear that the defendant's appearance in court was under an illegal summons. The validity of the arrest was immaterial in this case, and we therefore decline to answer the transferred questions.

*Remanded.*