NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

————————————————

9th Circuit Court-Manchester District Division
No. 2018-0424

THE STATE OF NEW HAMPSHIRE

v.

JAMES JASKOLKA

Submitted: April 18, 2019
Opinion Issued: July 30, 2019

Gordon J. MacDonald, attorney general (Susan P. McGinnis, senior assistant attorney general, on the brief), for the State.

Gregory J. Ahlgren, of Manchester, on the brief, for the defendant.

DONOVAN, J. The defendant, James Jaskolka, appeals the decision of the Circuit Court (Lyons, J.) denying his request to vacate his 1991 simple assault conviction and grant him a trial. We vacate the trial court's order, however, because it lacked jurisdiction to consider the merits of the defendant's motion.

The following facts are undisputed. In June 1991, the defendant, upon consulting with court-appointed counsel, entered into a negotiated plea agreement by which the defendant agreed to plead guilty to a misdemeanor, domestically-related simple assault. The court accepted his plea and imposed the negotiated sentence of a fine and a suspended jail sentence.

Nearly 27 years later, the defendant filed a motion seeking to vacate his conviction, alleging that he was never advised of his constitutional right to a jury trial and, more pointedly, was not informed that a conviction for domestic assault would prohibit him from purchasing, owning, or possessing a firearm.[1]

Before the trial court, the defendant claimed that his motion constituted a direct attack upon his conviction and, therefore, the United States Supreme Court decision in Boykin v. Alabama, 395 U.S. 238 (1969), requires an affirmative showing on the record that he entered his guilty plea knowingly, intelligently, and voluntarily. See Boykin, 395 U.S. at 242-43. The defendant argued that, in the absence of a record of the trial court's inquiry into the voluntary and knowing character of his decision to plead guilty, acceptance of his plea should be treated as plain error, requiring the State to demonstrate to a clear and convincing degree that the plea was voluntary or knowing in the respect specifically challenged. See State v. Arsenault, 153 N.H. 413, 416-17 (2006) (analyzing a defendant's collateral attack upon his knowledge and volition when entering a guilty plea). He further maintained that because there is "NO record of [his] volition and knowledge . . . of the right to a jury trial," "the only appropriate remedy is to vacate the conviction and schedule this case . . . for trial." The defendant did not request a hearing with the filing of his initial motion.

The trial court denied the motion to vacate, noting that: (1) the defendant filed his motion 27 years after the plea; (2) in 1992, this court adopted Administrative Order 1992-2 that required courts to retain records of proceedings and case files for only 7 years; and (3) the defendant's entire case file and any audio recording of the proceeding has since been destroyed in accordance with the administrative rule. The trial court took judicial notice that, subsequent to the United States Supreme Court's decision in Boykin in 1969, district courts in New Hampshire developed forms to reflect a defendant's waiver of his or her rights in misdemeanor cases, the public defenders used those waiver forms when representing defendants entering guilty pleas, and district court judges conducted plea colloquies before accepting a defendant's plea. See Parke v. Raley, 506 U.S. 20, 29-32 (1992) (applying the "presumption of regularity" to collateral attacks on final judgments).

The court found that it was "fundamentally unfair" for the defendant to delay moving to vacate his conviction until after the court system had destroyed the records of the case and then to require the State to bear the burden of proving a valid waiver. The trial court denied the motion without a hearing. The defendant moved for reconsideration, arguing that his position

---

[1] In his motion to vacate, the defendant asserts that he attempted to purchase a firearm in 2016, but state and federal authorities informed him that he was not eligible to purchase the firearm because of "the existence of what they interpret[ed] as a valid conviction for a domestic assault . . . between intimate partners."

2

was, and always had been, that the burden shifted to the State in a direct attack on an underlying criminal conviction, "as there [is] here." The defendant, without explanation, requested an evidentiary hearing, but the trial court summarily denied the motion to reconsider. This appeal followed.

The defendant makes numerous arguments before us as to why the trial court erred in denying his motion to vacate his conviction without a hearing. We need not address these arguments, however, because we conclude that the trial court lacked subject matter jurisdiction to address the merits of the defendant's motion. Although the parties did not address this issue on appeal, subject matter jurisdiction may be raised at any time, including on appeal, by the parties, or by this court sua sponte. State v. Demesmin, 159 N.H. 595, 597 (2010).

Because the defendant's motion challenges his conviction long after the period for filing a direct appeal expired, see RSA 599:1 to :1-b (2001), his instant challenge constitutes a collateral attack upon the 1991 conviction. See State v. Lopez, 156 N.H. 193, 194, 197 (2007). The district division of the circuit court, however, is a court of limited jurisdiction with powers conferred upon it by statute. RSA 502-A:11 (Supp. 2018) (identifying the jurisdiction of the district court in criminal cases); RSA 490-F:18 (Supp. 2018) (explaining that statutes which reference the jurisdiction of the district court are deemed to refer to the circuit court). Consistent with this premise, the legislature has prescribed strict time limitations upon a defendant's right to appeal convictions in the circuit courts, see RSA 599:1 to :1-a, which, in turn, impose limitations upon the circuit court's jurisdiction. See State v. Flynn, 110 N.H. 451, 454 (1970) (concluding that the district court lacked jurisdiction to vacate its guilty finding after the expiration of the statutory period for appeal under RSA 599:1-a).

Nonetheless, we have previously concluded that the district courts had "the authority and power to permit withdrawal of guilty pleas based on an infringement of a defendant's constitutional rights." State v. Beaulieu, 115 N.H. 483, 484 (1975) (citing State v. Daigle, 114 N.H. 679 (1974)). Indeed, in Daigle, Justice Grimes observed that motions seeking to withdraw an uncounseled guilty plea that would otherwise be barred by the statutory time limitations to appeal "are matters falling outside the normal issues raised on appeal" and that such pleadings are "in the nature of a petition for a writ of habeas corpus which provides a remedy for constitutional errors at the trial without limit of time." Daigle, 114 N.H. at 681 (quotations and ellipsis omitted). Other jurisdictions have similarly equated motions seeking to vacate a conviction filed after the expiration of the applicable appeal period with petitions seeking extraordinary relief, such as petitions for a writ of habeas corpus or coram nobis. See People v. Totari, 4 Cal. Rptr. 3d 613, 616 (Ct. App. 2003) (observing that a motion to vacate "has long been equated in California with a petition for a writ of coram nobis"); Barker v. State, 191 N.E.2d 9, 11-12

3

(Ind. 1963) (considering a petition for a writ of coram nobis to be "in the nature of a motion for a new trial").

Here, as in Daigle, the defendant seeks to vacate his conviction based upon an alleged involuntary guilty plea, and he filed his motion to vacate well outside the jurisdictional time limits for an appeal from the circuit court. See Daigle, 114 N.H. at 679-80. Thus, the defendant's motion seeks extraordinary relief similar to that of a writ of habeas corpus, like the motion in Daigle. See id. at 681. Yet, Daigle was decided well before our development of coram nobis jurisprudence which, under our common law, is intended to address the type of extraordinary relief sought by the defendant in this case. See Hart v. Warden, N.H. State Prison, 171 N.H. 709, 716-18 (2019). Moreover, we decided Daigle at a time when the legislature, at least implicitly, authorized the district courts to consider petitions seeking extraordinary relief, such as a writ of habeas corpus. At that time, RSA 534:3 stated merely that a petition for a writ of habeas corpus "may" be made to the superior court. RSA 534:3 (1974) (amended 1994). Subsequently, the legislature amended the statute to provide that such petitions "shall" be made to the superior court. Laws 1994, 56:1; RSA 534:3 (2007). Therefore, unlike the current version of RSA 534:3, when Daigle was decided the statute did not deprive the district court of jurisdiction to consider and rule upon petitions seeking habeas corpus relief.

Other statutes governing a court's authority to grant a new trial similarly fail to confer such authority upon the circuit court. It remains unclear to us whether RSA chapter 526 (2007), the chapter governing new trials, applies to motions filed in the circuit court when the case originated in the circuit court. See Favazza v. Braley, 160 N.H. 349, 353 (2010) (holding that a party cannot petition for a new trial in superior court pursuant to RSA 526:1 when the case originated in district court). The legislature may wish to consider clarifying the extent to which, if any, petitions for a new trial may be filed in the circuit court. However, even if we assume without deciding that RSA chapter 526 authorizes the circuit court to grant a new trial, the defendant's motion was filed well beyond that statute's three-year time limitation. See RSA 526:4.

When, as here, a defendant seeks to withdraw a guilty plea and vacate a conviction outside the time limits governing the circuit court's jurisdiction, the writs of habeas corpus and coram nobis are the proper procedural vehicles by which a party may seek review of the proceeding at which he or she entered a guilty plea. See RSA 534:3; Hart, 171 N.H. at 716-17. Thus, in order to seek review of his 1991 conviction, the defendant's motion must be construed in the nature of an application for a petition seeking extraordinary relief. See Daigle, 141 N.H. at 681. Given that the defendant is not in custody and seeks to correct an alleged violation of a constitutional right, his motion should be properly construed as seeking coram nobis relief. See Hart, 171 N.H. at 716-17, 717 n.1 (observing that coram nobis relief is granted "sparingly" but may be available when a petitioner is no longer in custody).

4

However, the jurisdiction to consider such relief cannot, in the first instance, lie with the circuit court.  Unlike the supreme and superior courts, no statutory authority confers upon the circuit court the authority to consider petitions seeking extraordinary relief.  See RSA 490:4 (2010) (granting the supreme court the authority to, inter alia, issue writs of habeas corpus); RSA 534:3; see also Martel v. Hancock, 115 N.H. 237, 237 (1975) (explaining that the superior court has concurrent jurisdiction with the supreme court to issue a writ of habeas corpus).  Given the similarities between writs of habeas corpus and coram nobis, we have analogized the common law writ of coram nobis to habeas corpus relief and considered our habeas corpus procedures to inform our approach to coram nobis proceedings.  See State v. Widi, 170 N.H. 163, 166-67 (2017).  In light of this approach, we conclude that the circuit court lacks jurisdiction to consider the merits of a petition for a writ of habeas corpus, and, by comparison, a petition for a writ of coram nobis.  Therefore, the absence of any statutory authority to consider the extraordinary relief sought by the defendant here deprived the circuit court of jurisdiction to consider the merits of his motion.  See Friedline v. Roe, 166 N.H. 264, 268 (2014) (concluding that the circuit court erred in ruling on the merits of plaintiff's claim of title because the circuit court lacked jurisdiction to do so).  Consequently, we vacate the trial court's order and remand with instructions to dismiss for lack of jurisdiction.

We note that coram nobis relief requires a defendant to demonstrate that "sound reasons exist for his failure to seek appropriate earlier relief."  Widi, 170 N.H. at 168 (quotations and brackets omitted) (concluding that petitioner could not explain his delay in seeking relief between 2008 and 2014 when he filed his petition); see also Hart, 171 N.H. at 717-18 (applying the First Circuit Court of Appeals' tripartite test which requires, in part, that a petitioner seeking coram nobis relief explain his failure to seek appropriate relief earlier).  Determining and weighing the factual circumstances necessary to meet that standard are matters that fall outside of the circuit court's purview.

Vacated and remanded.

LYNN, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

5