## ROBERT J. FORTIER *v.* SIMES FRINK.

*McLane, Davis & Carleton*, for the plaintiff.

*Frank R. Kenison*, Attorney-General, and *Stephen M. Wheeler*, County Solicitor, for the defendant.

MARBLE, J. Plaintiff's counsel contend that the demand for extradition is invalid because it fails to allege that the plaintiff "was present in the demanding state at the time of the commission of the alleged crime." Laws 1937, *c.* 70, *s.* 3. This contention is without merit. An allegation that the plaintiff was present in Maryland when the offense was committed is necessarily implied from the allegations of the indictment, which is referred to in the demand and annexed thereto. An express allegation in the demand itself that

he was present there at that time is not essential. *In re Harris*, 309 Mass. 180; *Higley* v. *Millspaw*, 281 N. Y. 441, 446.

At the hearing in the Superior Court the plaintiff denied that he was present in Maryland on October 1, 1939, the date stated in the indictment, but admitted he was there on October 2, 1939, when he received and deposited in a Maryland bank a check representing the money alleged to have been unlawfully obtained. It is true that if he was not in Maryland on the day of the alleged crime, he is not a fugitive from justice. But the court when he admitted the evidence expressed the opinion that a date need not be accurately stated when it is not a part of the crime. This is a correct statement of the law of Maryland. Ann. Code, Md., *art.* 27, *s.* 649; *Allen* v. *State*, 128 Md. 265, 267; *Brunner* v. *State*, 154 Md. 655; *Whittington* v. *State*, 173 Md. 387, 392. Furthermore, in a proceeding of this kind the technical sufficiency of the indictment is not open to attack. *Bracco* v. *Wooster*, 91 N. H. 413.

Plaintiff's counsel further contend that the procedure followed in the Superior Court was illegal. Their contention is thus stated: "The writ of *habeas corpus* should issue when the application sets forth facts which, if proved, will entitle the prisoner to be freed. The writ issues against the custodian of the prisoner who produces the body in court. On the hearing which then follows the court hears evidence on the legality or illegality of the arrest of the prisoner. In this case the court erroneously held a hearing on the application for the writ and then refused to grant the writ."

The principal difficulty with this argument lies in the fact that the plaintiff in his application for the writ alleges no facts whatever, but merely avers that he "was illegally and unlawfully arrested," and that the warrant "is defective and was issued illegally and without authority." The Presiding Justice, however, did not dismiss the petition on the ground that its averments, being mere conclusions of law, were necessarily inadequate (*Craemer* v. *Washington State*, 168 U. S. 124, 129), but permitted the plaintiff to introduce evidence in support of those averments. This evidence was insufficient to justify the issuance of the writ, and the Presiding Justice so ruled. The procedure was entirely proper, for the writ need not be awarded "if it appear upon the showing made by the petitioner, that if brought into court, and the cause of his commitment inquired into, he would be remanded." *Ex parte Terry*, 128 U. S. 289, 301, and cases cited. See also, *Kruzas* v. *O'Dowd*, 83 N. H. 173, 175.

The plaintiff offered evidence tending to prove that the prosecu-

tion in Maryland was not instituted in good faith but for the purpose of collecting a civil debt. This evidence was correctly excluded, since it is the general rule that on *habeas corpus* proceedings for the liberation of one sought to be extradited no inquiry can properly be made into the motives or purpose of the prosecution in the demanding state. 25 Am. Jur. 193; Annotation, 94 A. L. R. 1493, 1496–1498.

*Exceptions overruled.*

All concurred.