Belknap
No. 7509

THE STATE OF NEW HAMPSHIRE

v.

PETER M. DESBIENS

May 31, 1977

434

*David H. Souter,* attorney general, and *Edward M. Damon,* assistant attorney general (*Mr. Damon* orally), for the state.

*Normandin, Cheney & O'Neil,* of Laconia (*Mr. David O. Huot* orally), for the defendant.

BOIS, J.   The defendant, after trial by jury, was found guilty of the felony of possession of a controlled drug, second offense (RSA 318-B:26), and sentenced to a prison term of from two-and-one-half to five years. Prior to trial, defendant moved to suppress evidence of the prior misdemeanor conviction, on the ground that his plea of nolo contendere thereto was not knowingly and voluntarily entered. The Presiding Justice (*Keller,* C.J.), after hearing, denied the motion and all questions of law raised by defendant's exception were reserved and transferred.

The motion to suppress alleged the following:

1.   That the record of Defendant's conviction in Nashua District Court on March 6, 1970 does not reveal whether the Defendant's plea of Nolo Contendere was intelligently and voluntarily made.

2.   Said record does not show whether the Defendant was apprised of the nature of his plea or of his right to trial by jury, to remain silent or to call witnesses on his own behalf.

3.   That the plea of *Nolo* made in the March 6, 1970 proceeding was not voluntarily and intelligently made and that the District Court did not assure that Defendant's rights were thoroughly explained to him.

4.   That the state has the burden of proving by the record that Defendant intelligently and voluntarily waived his constitutional rights.

At the hearing on the motion, the only evidence introduced by the state was a certified copy of the conviction which indicated that

defendant had benefit of counsel. The defendant refused to go forward with any evidence, contending that the "record" must show that the plea was voluntary and intelligent, and that the "record" in this case, showing only the facts of conviction and representation by counsel, was thus deficient. Defendant argues on appeal, as he did below, that the prosecution has failed to meet its burden of proof, and that it was not incumbent on him to offer any evidence during the hearing.

The defendant relies on *Boykin v. Alabama,* 395 U.S. 238 (1969), in which the United States Supreme Court held that a guilty plea cannot stand unless there is an affirmative showing on the record that the plea was entered voluntarily and understandingly. *See* Note, *The Supreme Court, 1968 Term,* 83 Harv. L. Rev. 62, 181–82 (1969). Under *Boykin* the trial judge is required to canvass "the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought, and forestalls the spin-off of collateral proceedings that seek to probe murky memories." *Boykin v. Alabama, supra* at 244 (citations omitted). *Boykin* thus requires both a "canvass" by the court and the making of a record of that canvass.

We note that the defendant does not contest the existence of the prior conviction herein. Clearly, the burden of proof on this issue was upon (and met by) the state. Rather, the defendant seeks to undermine the conviction itself. Assuming, *arguendo,* that the defendant may proceed in this manner, his challenge would be in the nature of a collateral attack. *See State v. Gosselin,* 117 N.H. 115, 370 A.2d 264 (1977); *State v. Clough,* 115 N.H. 7, 332 A.2d 386 (1975). It is clear that ordinarily in a collateral attack the initial burden of going forward with evidence is upon the petitioner. *See Fortier v. Frink,* 92 N.H. 50, 24 A.2d 604 (1942); Note, *Developments in the Law—Federal Habeas Corpus,* 83 Harv. L. Rev. 1038, 1140 (1970).

Defendant suggests that he should be relieved of this burden because there is a violation of the requirement in *Boykin* that there be an affirmative showing on the record that the plea was knowing and voluntary. Notwithstanding this proposition, we think there was no error in the instant case. Apart from defendant's allegations as to defects in the "affirmative showing" of the

record, defendant made only the conclusory allegation that his plea "was not voluntarily and intelligently made." Nowhere in the motion is there any specific allegation as to how defendant's understanding or volition with respect to the plea was in fact deficient. In this regard, we note that an allegation that the court failed in certain respects to satisfy its *Boykin* duties is not equivalent to an allegation that in fact the defendant failed to appreciate the nature and consequences of his admission of guilt. In the absence of such specifics, placing the burden on the state to show that the plea was voluntary and understanding is tantamount to placing on the state the burden of proving the negative of the many ways in which the plea might be defective. This would be a waste of time on the part of all concerned, since it takes only a minimal effort by the defendant to specify the alleged substantive defect(s) in his plea. We conclude that it was incumbent on the defendant to make his conclusory allegations specific before the state is put to the burden of showing that the plea met constitutional standards. This the defendant could have accomplished either by amending his motion or actually introducing evidence. *See Mullaney v. Wilbur,* 421 U.S. 684, 701 n.28 (1975); *Fortier v. Frink,* 92 N.H. 50, 24 A.2d 604 (1942); *cf. State v. Gosselin,* 117 N.H. 115, 370 A.2d 264 (1977).

We note that one United States Court of Appeals, in circumstances similar to those in the instant case, construed *Boykin* as foreclosing any inquiry into the specificity of the defendant's allegations:

> We do not think that *Boykin* allows for any rules other than that silence of the record on the *Boykin* waivers is enough by itself to shift the burden to the government to prove that the plea was voluntary and intelligent.

*United States v. Pricepaul,* 540 F.2d 417, 423 (9th Cir. 1976). However, *Boykin* did not involve a plea challenge in the nature of a collateral attack, and we do not find in *Boykin* any general bar to requiring some measure of pleading specificity in a postconviction plea challenge.

Seemingly implicit in defendant's motion to suppress is the notion that a *Boykin* defect in the record of the plea in and of itself requires invalidation of the plea. We are not of this view, which would render collateral inquiry into guilty pleas an artificial exercise. "[A]s a constitutional matter the question is

whether the plea was voluntary and intelligent. . . ." *Todd v. Lockhart,* 490 F.2d 626, 627 (8th Cir. 1974). Notwithstanding a *Boykin* defect, the state still has the opportunity (and the burden) to show that the plea met constitutional standards. *Roddy v. Black,* 516 F.2d 1380 (6th Cir. 1975); *Todd v. Lockhart,* 490 F.2d at 627–28; *McChesney v. Henderson,* 482 F.2d 1101 (5th Cir. 1973); *Walker v. Caldwell,* 476 F.2d 213, 215 n.1 (5th Cir. 1973); *see State v. Beaulieu,* 115 N.H. 483, 485, 344 A.2d 3, 4–5 (1975).

Because the ultimate question is the voluntariness and understanding of the plea, the defendant is not relieved from alleging how the plea failed to meet these requirements. The sound administration of justice requires that the allegations state the specific manner in which the plea was in fact involuntary or without understanding. Defendant's failure here to improve on his conclusory allegations is fatal to his collateral attack.

*Exceptions overruled.*

All concurred.