Merrimack
No. 90-186

RICHARD IANDOLO

v.

RONALD POWELL, COMMISSIONER

August 16, 1991

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the petitioner.

*John P. Arnold,* attorney general (*David S. Peck,* senior assistant attorney general, on the brief and orally), for the State.

HORTON, J. This Rule 7 appeal follows from an order of the Superior Court (*Dunn,* J.), denying a petition for writ of habeas corpus. The petitioner, committed to State psychiatric care following the acceptance of a plea of not guilty by reason of insanity, contends that application of the current version of RSA 651:11-a, I (hereinafter the "five-year version") by the superior court in his 1987 renewal hearing was retrospective and in violation of article I, part 23 of the New Hampshire Constitution. He challenges the statutory authority of the superior court to issue its 1987 order that he stand committed for a term subject to renewal hearing review in five, rather than two, years. As we determine that the five-year version of RSA 651:11-a, I,

was applied properly to the petitioner, we affirm the denial of the habeas corpus petition.

Since May 22, 1982, RSA 651:11-a, I, has provided that orders of committal to State psychiatric facilities following insanity pleas are valid for five years. A committal order under this section must be renewed after a hearing if the court finds that the State has met its burden of proof and shown that the committed party "suffers from a mental disorder and that it would be dangerous for him to go at large." *Id.* Prior to May 22, 1982, the statutory provision employed similar language, but committal orders under that version of the statute (hereinafter the "two-year version") were valid for only two years. *See* Laws 1975, 388:4. The committed party retained his rights to challenge committal at any time, as was done in this case, but in such challenges he bore the burden of going forward, both practically and legally, and he also bore a preponderance burden on the matters alleged. *See State v. Ballou,* 125 N.H. 304, 310–11, 481 A.2d 260, 263 (1984).

On May 19, 1983, petitioner Richard Iandolo pled not guilty by reason of insanity to a crime alleged to have occurred on November 30, 1981, and for which an indictment was returned on January 5, 1982. The superior court committed him to a psychiatric facility and ordered recommittal twice: once in 1985 and, again, in 1987. During the renewal proceedings in 1987, the State and the petitioner, who acted with the advice of counsel, executed a stipulation, apparently in exchange for committal to a less restrictive psychiatric facility. This document provided that "the [petitioner] should be ordered committed to the secure psychiatric unit for a period of five years." The stipulation also stated that the petitioner could "petition the Court for approval of a suitable parole plan at any time." An order incorporating this stipulation was approved by the Superior Court (*O'Neil,* J.) on March 6, 1987.

In 1990, the petitioner filed a petition for writ of habeas corpus, challenging the constitutionality of ordering him to stand committed for five, rather than two, years. This was denied by the superior court on alternative grounds. The court first held that the five-year version of the statute could be lawfully applied to the defendant because his plea and initial committal were made after the effective date of the five-year version of RSA 651:11-a, I. It then noted that, even if the five-year version of the statute was not applicable, the 1987 stipulation constituted a waiver of any right the petitioner had to application of the two-year version.

One of the issues appealed from this superior court decision was whether the court erred in holding the 1987 stipulation a waiver of any rights under the two-year version of the statute. At oral argument before this court, however, the petitioner conceded that he had not met his burden below of demonstrating that the waiver was invalid because it was neither voluntary nor intelligent. *See Richard v. MacAskill*, 129 N.H. 405, 408, 529 A.2d 898, 900 (1987) (the defendant has to allege "the specific manner in which the plea was in fact involuntary or without understanding") (quoting *State v. Desbiens*, 117 N.H. 433, 437, 374 A.2d 651, 653 (1977)). This concession leaves two remaining issues for our consideration: (1) whether the application of the five-year version of RSA 651:11-a, I, to the petitioner violated the prohibition against retrospective laws found at part I, article 23 of the New Hampshire Constitution; and (2), assuming the applicability of the two-year version, whether the superior court lacked the statutory authority in 1987 to renew the petitioner's committal order for a period of five years and, instead, could have ordered him to stand committed for a maximum of only two years.

■ Our State Constitution forbids the promulgation or application of retrospective laws, deeming them "highly injurious, oppressive, and unjust," and ordering that "[n]o such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses." N.H. CONST. pt. I, art. 23. The underlying purpose of this prohibition is "'to prevent the legislature from interfering with the expectations of persons as to the legal significance of their actions taken prior to the enactment of a law.'" *Petition of Public Serv. Co. of N.H.*, 130 N.H. 265, 280, 539 A.2d 263, 271 (1988) (quoting *State v. Vashaw*, 113 N.H. 636, 637–38, 312 A.2d 692, 693 (1973)), *appeal dismissed*, 488 U.S. 1035 (1989). The insanity plea in the original proceeding against this petitioner occurred *after* the effective date of the five-year version. The alleged criminal conduct and the accompanying indictment, however, both occurred before the effective date of the five-year version, during the period when the two-year version was in force.

We have previously considered the possible retrospective application of the five-year version of RSA 651:11-a, I. In *State v. Ballou*, 125 N.H. 304, 481 A.2d 260, we found such an application and held it unlawful, where the defendant underwent an initial two-year commitment prior to the effective date of the five-year version and was then the object of a petition brought by the State seeking to have him recommitted for a five-year term following the expiration of his two-

year term in 1982. *Id.* at 310, 481 A.2d at 263. We employed a two-pronged analysis to the constitutional issue: was the five-year version being employed retrospectively; and, if so, did the five-year version of the statute actually operate to disadvantage the defendant. *Id.* We recited what we phrased "the operative facts": that the defendant was accused of a crime alleged to have occurred in 1980, that he was indicted for that crime in 1980, that he entered a plea of not guilty by reason of insanity in 1980, and that his plea was accepted and he was committed in 1980. *Id.* at 307, 481 A.2d at 261. Considering the State's attempt in 1982 to have the defendant committed under the five-year version of the statute, we stated, "It is indisputable that, when applied to this defendant, [the five-year version of RSA 651:11-a, I] is a retrospective law." *Id.* at 310, 481 A.2d at 263. We held that application of the five-year version created a disadvantage to the defendant. Although the defendant could independently challenge his commitment during this extended term, he could do so only by assuming the burden of proof and the burden of initiating a petition, burdens which normally fell upon the State at the end of each two-year term. *Id.* at 311, 481 A.2d at 263. We held that the extended term could be applied neither to that particular defendant nor to "those similarly situated." *Id.* at 307, 481 A.2d at 261.

Our *Ballou* opinion did not, however, specify the "operative fact" in the chronology of that case that made application of the five-year version to that defendant retrospective. The identification of this fact remained for our opinion in *State v. Robb*, 125 N.H. 581, 484 A.2d 1130 (1984), where we further explained *Ballou*. We distinguished the situation of the *Robb* defendant, whose insanity plea, we noted, "was *accepted* in 1973, *before* the effective date of" the 1975 version of RSA 651:11-a, I, *see* Laws 1975, 388:4, which first provided a defendant the right to periodic review of his or her commitment. 125 N.H. at 588–89, 484 A.2d at 1135 (emphasis added). Because the five-year version of RSA 651:11-a was not more onerous than the pre-1975 law and did not, therefore, impose a new onus upon the *Robb* defendant, we directed the trial court to reconsider its implied holding that paragraph I of the statute was an unconstitutional retrospective law. *Id.* at 589, 484 A.2d at 1135. We specifically contrasted the facts in *Ballou*, because there, "the provisions of [the five-year version of RSA 651:11-a, I] were more onerous after 1982 than they had been on October 22, 1980, *the date of the defendant's insanity plea*." *Id.* at 589, 484 A.2d at 1135 (emphasis added).

We hold that the date of a defendant's insanity plea, not the date of the underlying alleged criminal conduct, governs the deter-

mination of whether application of the five-year version of RSA 651:11-a, I, is retrospective. *Accord People v. Valdez,* 79 Ill. 2d 74, 81, 402 N.E.2d 187, 191 (1980) (no retroactive application of a statute allowing the court to continue a short-term committal order, where the defendant committed the underlying acts before the effective date of the statute but was acquitted by reason of insanity after the effective date), *cited in State v. Ballou,* 125 N.H. at 318, 481 A.2d at 268 (Souter, J., dissenting). The crucial operative fact, the decision to enter a plea, is the most appropriate and logical measuring point for determining the retrospectivity of the recommitment statute. This is the point where the decision is made which will be most influenced by the terms of the statute. Whereas the potential sentence is most material to the event of the crime, *see State v. Johnson,* 134 N.H. 570, 572–74, 595 A.2d 498, 500–01 (1991), the recommitment procedure is most material to the event of the plea of not guilty by reason of insanity.

Because, in this case, the five-year version was in effect on the date of the insanity plea, we hold that there was no error in the 1987 decision of the superior court to order the petitioner to stand committed for a five-year renewable term, and, therefore, no error in the denial of the habeas corpus petition.

In light of our finding of propriety in the application by the trial court of the five-year version, we do not address the issue of the trial court's authority to accept the stipulation.

*Affirmed.*

All concurred.