Concord District Court
No. 2005-226

PETITION OF THE STATE OF NEW HAMPSHIRE
(State v. Marcoux)

Argued: May 11, 2006
Opinion Issued: August 23, 2006

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Christopher M. Johnson*, chief appellate defender, of Concord, on the brief and orally, for the defendant.

DUGGAN, J. The State filed a petition for writ of certiorari, *see* SUP. CT. R. 11, challenging a sentencing order of the Concord District Court (*Boyle, J.*). We vacate the sentence and remand.

The record supports the following facts. The defendant, Richard Marcoux, was tried on the charge of driving while intoxicated (DWI), based upon a complaint which alleged that he had previously been convicted of DWI. *See* RSA 265:82, I (2004) (repealed 2006); RSA 265:82-b, II (Supp. 2004) (amended 2004, 2005, and 2006; repealed 2006). On February 7, 2005, the trial court found the defendant guilty of DWI, and asked the parties to brief whether the previous DWI conviction was a valid prior conviction that would support imposing an enhanced sentence pursuant to RSA 265:82-b, II.

In support of an enhanced sentence, the State offered the following evidence of the defendant's prior conviction: (1) a certified copy of the front of a June 13, 1997 complaint from the Salem District Court charging the defendant with DWI and alleging a prior conviction for DWI; (2) a certified copy of a January 15, 1998 sentencing order indicating a finding of guilty on the charge of DWI, second offense; (3) a certified copy of the defendant's driving record from the New Hampshire Division of Motor Vehicles, indicating a finding of guilty on the same charge; and (4) a certified copy of the defendant's "criminal history record," which did not list the charge or conviction. The defendant argued that the State could not utilize the prior conviction to prove that he had previously been convicted of DWI because "the State *did not introduce*" an appearance of counsel or waiver of right to counsel form, nor any documents indicating

whether the defendant had been advised of his right to counsel or his right to court-appointed counsel in that case. (Emphasis added.)

The trial court ruled that the State had not met its burden of proving that the January 15, 1998 conviction was a valid prior conviction for the purpose of sentence enhancement. In its sentencing order, the trial court stated that "[n]either the sentencing order nor the driving record indicate whether or not the [defendant] was represented by counsel in the prior criminal conviction." The trial court pointed out that it "[did] not have before it either the back of the criminal complaint or an executed acknowledgement and waiver of rights form," and noted that "[h]ad either or both of these documents been offered by the State, then there would be no further issues for the court to decide, and the defendant would have been sentenced for the enhanced sentence mandated by RSA 265:82-b." The trial court further stated that, in the absence of those documents, it was "faced with the issue of whether or not there [was] a valid prior conviction that [had] been proven beyond a reasonable doubt by the State that would result in the enhanced sentence." The trial court concluded that the State did not prove that the prior conviction was valid because the court was "unable to determine beyond a reasonable doubt that the [defendant's] right to counsel was either invoked or waived . . . or even addressed in the prior conviction, a misdemeanor level offense." (Ellipsis in original.) The trial court also concluded that "[g]iven the irregularities in the sentencing order and driving record . . . the State [had] not proven the prior conviction to be valid beyond a reasonable doubt." Accordingly, the trial court declined to impose an enhanced sentence under RSA 265:82-b, II.

The State moved to reconsider the sentencing order, arguing that because the defendant alleged only that the State failed to prove that he was represented on the earlier charge, and did not allege that counsel did not represent him or that he did not understand his rights, he did not meet his initial burden on the collateral attack of his prior conviction. The motion was denied.

Thereafter, the State petitioned this court for a writ of certiorari. The State argues that the trial court "erred in placing the burden on the State to show that the defendant's prior conviction was free from constitutional defect." The State also argues that the trial court erred in holding that the State had to prove the prior conviction to be valid "beyond a reasonable doubt." The defendant argues that the trial court did not err in placing the burden upon the State to prove the validity of his prior conviction. He also argues that, even if the trial court erred in that respect, we need not vacate his sentence because the trial court could have declined to impose an

enhanced sentence on the ground that the State had not proven the *existence* of the defendant's prior conviction.

■ Review on certiorari is an extraordinary remedy, usually available only in the absence of a right to appeal, and only at the discretion of the court, to determine whether another tribunal has acted illegally in respect to jurisdiction, authority or observance of the law, or has engaged in an unsustainable exercise of discretion or has acted arbitrarily or capriciously. *Petition of State of N.H. (State v. Campbell)*, 152 N.H. 515, 517 (2005). We exercise our power to grant the writ sparingly and only where to do otherwise would result in substantial injustice. *Id.* Here, we grant review because certiorari is the only avenue by which the State may appeal the sentencing order at issue in this case. *See* RSA 606:10 (2001) (specifying the circumstances in which the State may appeal to the supreme court in a criminal case); RSA 651:58, I (Supp. 2005) (providing for review by the sentence review division only in cases where the person is sentenced to a term of one year or more in the state prison).

## I. Burden of Proof

The State contends that "evidence of a prior conviction carries with it a presumption of validity." Accordingly, it argues that a defendant seeking to rebut this presumption of validity and collaterally attack the previous conviction must at least allege, if not prove, a basis for a finding of invalidity. It contends that the defendant in this case failed to satisfy his burden because he never alleged that he had been denied his constitutional right to legal representation in the prior proceeding, but "merely argued that the State had the burden of proving that he had *not* been denied his right to counsel."

The defendant contends that he may challenge the validity of his prior conviction without affirmatively alleging, or offering evidence of, a lack of representation by counsel in the prior proceeding. Citing *State v. Desbiens*, 117 N.H. 433, 435-36 (1977), he argues that he is required only to "allege the specific nature of his challenge to the validity of the prior conviction" so as to "put the State on notice of [the] kind of evidence sufficient to establish the conviction's validity."

Because the relevant facts are not in dispute, the issue before us is solely a question of law. *See State v. City of Dover*, 153 N.H. 181, 185 (2006). Accordingly, we review the trial court's application of the law to the facts *de novo. See id.*

■ Prior convictions obtained when a defendant was not represented by counsel and did not knowingly and intelligently waive his right to counsel cannot be used as the basis for an enhanced sentence. *State v.*

*Gosselin*, 117 N.H. 115, 121 (1977). If it is evident from the record, or if the defendant presents evidence that places in dispute the question of whether he was represented by counsel, the burden is then upon the State to prove representation by counsel or a knowing and intelligent waiver of that right. *Id.* However, where nothing in the record of the prior conviction "raise[s] the presumption of either lack of counsel or an invalid waiver of that right, it [is] incumbent on the defendant, not the state, to go forward with evidence which [puts] in issue the question of whether he had previously been represented by counsel." *Id.* at 122. The defendant cannot satisfy this burden by merely arguing that the State has failed to prove representation. *See id.* at 121-22.

█ In this case, the defendant concedes that the record of the prior conviction is silent as to whether or not he had been represented by counsel at the time of the conviction. On collateral review, a silent record alone is insufficient to render a prior conviction invalid. *See Gosselin*, 117 N.H. at 121-22 (record that was silent as to whether defendant had been represented at the time of one of the convictions he was challenging did not raise a presumption of a lack of counsel); *cf. State v. Arsenault*, 153 N.H. 413, 416 (2006) (proof of a record that is silent as to whether defendant knowingly and voluntarily waived his right to a jury trial is insufficient to trigger reversal on a collateral attack to the conviction); *State v. Zankowski*, 140 N.H. 294, 296 (1995) (same).

Thus, to successfully mount a collateral attack in this case, the defendant was required to present evidence that he was not represented by counsel at the time of the prior conviction. *See Gosselin*, 117 N.H. at 121-22; *see also Arsenault*, 153 N.H. at 417 (defendant satisfied his initial burden of presenting evidence on a collateral attack of a prior conviction where trial court treated the facts alleged in the defendant's pleading as evidence for purposes of satisfying that burden and the State did not object to that treatment); *cf. State v. Buckwold*, 122 N.H. 111, 112-13 (1982) (where record contained a constitutionally sufficient waiver form signed by the defendant, defendant's general denial of the waiver of his right to counsel was insufficient to meet his burden of proving that the waiver was invalid).

Relying upon *Desbiens*, the defendant argues that he had the option of *either* presenting evidence *or* merely "alleg[ing] the specific nature of his challenge to the validity of the prior conviction." In *Desbiens*, the defendant argued that the record of his prior conviction was deficient because, although it showed the fact of conviction and representation by counsel, it did not show that his plea was voluntary and intelligent. *Desbiens*, 117 N.H. at 435. He moved to suppress the evidence of his prior

conviction, alleging in his written motion that his earlier plea of *nolo contendere* "was not voluntarily and intelligently made" and that "the District Court did not assure that [his] rights were thoroughly explained to him." *Id.* at 434. He argued on appeal "that the prosecution ha[d] failed to meet its burden of proof, and that it was not incumbent on him to offer any evidence during the hearing." *Id.* at 435.

We, however, did not answer the question of whether the defendant in *Desbiens* was required to present evidence. *See id.* at 435-36. Rather, we concluded that regardless of whether the defendant bore the burden of presenting any evidence, he had failed in his motion to make a sufficiently specific allegation as to how his plea had not been voluntary or intelligent. *Id.* That failure alone was fatal to his collateral attack. *Id.* at 437.

We have since clarified our holding in *Desbiens*, stating that "the defendant [in *Desbiens*] was required to make more than conclusory allegations that his plea had not been knowingly and intelligently made" and that he "was required to put into issue *some evidence* regarding how his understanding of the plea or his volition was in fact deficient." *State v. Harper*, 126 N.H. 815, 820 (1985) (emphasis added).

■ We conclude that because the defendant in this case did not allege or present any evidence that he had not been represented by counsel at the time of the prior conviction, he failed to satisfy his initial burden of calling into question the validity of his prior conviction. Accordingly, the trial court erred in placing the burden upon the State to prove the validity of the defendant's prior conviction.

The defendant's remaining arguments on this issue, regarding our holdings in *State v. Gosselin* and *State v. Zankowski*, are without merit and do not warrant further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

## II. Standard of Proof

■ The State next argues that the trial court erred in holding that the State must prove the validity of the defendant's prior conviction beyond a reasonable doubt. Given our conclusion above that the trial court erred in imposing any burden upon the State to prove the validity of the defendant's prior conviction, we need not decide what standard of proof should have been utilized. However, because this issue could arise again on remand, we note that *State v. Arsenault* has resolved it—once a defendant carries the initial burden of calling into question the validity of the conviction, "the burden rests on the State to demonstrate to a clear and convincing degree that the [conviction is valid] in the respect specifically challenged." *Arsenault*, 153 N.H. at 417-18.

*III. Proof of the Existence of a Prior Conviction*

The defendant argues that we should not vacate the trial court's sentencing order because, even if the State were not required to prove the validity of the defendant's prior conviction, it was required to prove the *existence* of the prior conviction. *See Desbiens*, 117 N.H. at 435. He contends that "the ambiguities and contradictions [noted by the trial court regarding the State's proof of the existence of the prior conviction itself] would justify the trial court in failing to find sufficient proof of [the existence of] a prior conviction." He urges us to "accord[] great deference to [the trial court's] assessment[] of the weight of the evidence."

The trial court did in fact acknowledge several discrepancies in the evidence offered by the State to prove the existence of the defendant's prior conviction. It noted that "[t]he sentencing order . . . indicates a plea of guilty and a finding of guilty on the prior offense[, while] [t]he driving record . . . indicates a plea of not guilty and a finding of guilty [and] [t]he criminal record . . . does not even list the prior . . . conviction."

However, despite the trial court's acknowledgement of these inconsistencies, it clearly stated in its order that if the State had offered the back of the criminal complaint or an executed acknowledgement and waiver of rights form to indicate whether the defendant had been represented by counsel in the prior proceeding, "there would [have been] no further issues for the court to decide, and the defendant would have been sentenced for the enhanced sentence mandated by RSA 265:82-b." Given this conclusion, we cannot say that the trial court's assessment of the weight of the evidence was such that the existence of the defendant's prior conviction had not been proven. Moreover, we agree with the trial court's conclusion that the State had proven the existence of the defendant's prior conviction.

The State bears the burden of proving the existence of a prior conviction that it relies upon for purposes of sentence enhancement. *Desbiens*, 117 N.H. at 435. We decline to decide today what the applicable standard of proof is in this regard, and instead accept, for the purposes of argument, the defendant's contention that the State must prove the existence of the defendant's prior conviction beyond a reasonable doubt. *Compare State v. Lougee*, 137 N.H. 635, 636 (1993) (proof of defendant's prior conviction to enhance sentence must be made beyond a reasonable doubt as part of the State's case-in-chief), *with State v. McLellan*, 146 N.H. 108, 113 (2001) (generally, facts supporting sentence need not be proved beyond a reasonable doubt).

█ Assuming that the State had the burden of proving the existence of the defendant's prior conviction beyond a reasonable doubt in the trial court, on appeal the burden shifts to the defendant to prove that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found the existence of the prior conviction beyond a reasonable doubt. *Cf. State v. Emery*, 152 N.H. 783, 788 (2005). The presentation of a certified copy of the January 15, 1998 sentencing order indicating that the defendant had been found guilty on the charge of DWI, second offense, when viewed in the light most favorable to the State, was sufficient to satisfy the State's burden in the trial court in this respect. The defendant has not provided us with any record from the trial court to indicate that he challenged the evidence presented by the State or that he challenged the existence of his conviction. In the face of the unchallenged records presented by the State as proof of the defendant's prior conviction, we cannot say that no rational trier of fact could have found the existence of the prior conviction beyond a reasonable doubt.

The defendant's remaining arguments on this issue are without merit and do not warrant further discussion. *See Vogel*, 137 N.H. at 322.

*Sentence vacated and remanded.*

BRODERICK, C.J., and DALIANIS, GALWAY and HICKS, JJ., concurred.