Exeter District Court
No. 2009-002

PETITION OF THE STATE OF NEW HAMPSHIRE
(State v. James Milner)

Submitted: November 17, 2009
Opinion Issued: December 4, 2009

*Orville B. Fitch, II*, acting attorney general (*Diana E. Fenton*, assistant attorney general, on the brief), for the petitioner.

James Milner, *pro se*, filed no brief.

DALIANIS, J. In this petition for a writ of certiorari, the State challenges the sentence imposed by the Exeter District Court (*Cullen*, J.) upon the respondent, James Milner, for driving a motor vehicle while his license was revoked. *See* RSA 263:64 (Supp. 2008) (amended 2008). The State asserts that the trial court erred because it did not impose the minimum seven-day jail sentence mandated by RSA 263:64, IV. We vacate the sentence and remand for resentencing.

In 1991, the respondent was convicted of driving while intoxicated (DWI) for which his driver's license was revoked. *See* RSA 265:82 (1993) (amended 1993, 1995, 1996) (repealed 2006; current version at RSA 265-A:2 (Supp. 2008)). Although the court-ordered period of license revocation expired, the respondent's license was not reinstated.

In 2008, the respondent was arrested for operating a motor vehicle while his license to drive was revoked. *See* RSA 263:64. Following a bench trial, he was found guilty of this offense and fined $750 with $250 suspended. Despite the State's urging, the trial court declined to impose the minimum seven-day sentence required by RSA 263:64, IV.

Review on certiorari is an extraordinary remedy, usually available only in the absence of a right to appeal, and only at the discretion of the court, to determine whether another tribunal has acted illegally in respect to jurisdiction, authority or observance of the law, or has engaged in an unsustainable exercise of discretion or has acted arbitrarily or capriciously. *Petition of State of N.H. (State v. Marcoux)*, 154 N.H. 118, 121 (2006). We exercise our power to grant the writ sparingly and only where to do otherwise would result in substantial injustice. *Id.* Here, we grant review because certiorari is the only avenue by which the State may appeal the sentencing order at issue in this case. *Id.*

The sole issue for our review is whether the trial court erred when it declined to impose the minimum seven-day sentence required by RSA 263:64, IV. The State contends that the plain language of RSA 263:64, IV required the trial court to do so. Resolving this issue requires that we engage in statutory interpretation. We review the trial court's statutory interpretation *de novo. Petition of State of N.H. (State v. Johanson)*, 156 N.H. 148, 151 (2007).

In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *Id.* When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.* When the language of a statute is plain and unambiguous, we do not look beyond it for further indications of legislative intent. *Franklin v. Town of Newport*, 151 N.H. 508, 509 (2004). We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. *Id.* at 510. We must give effect to all words in a statute, and presume that the legislature did not enact superfluous or redundant words. *Winnacunnet Coop. Sch. Dist. v. Town of Seabrook*, 148 N.H. 519, 525-26 (2002).

Under RSA 263:64, I, "[n]o person shall drive a motor vehicle in this state while the person's driver's license or privilege to drive is suspended or revoked." Pursuant to RSA 263:64, IV:

> Any person who violates this section by driving or attempting to drive a motor vehicle . . . in this state during the period of

suspension or revocation of his or her license . . . for a violation of RSA 265-A:2, I, . . . [or] RSA 265:82, . . . shall be guilty of a misdemeanor and shall be sentenced to imprisonment for a period not less than 7 consecutive 24-hour periods to be served within 6 months of the conviction . . . . No portion of the minimum mandatory sentence of imprisonment shall be suspended by the court.

RSA 263:64, V provides:

Notwithstanding the definition of "revocation" in RSA 259:90 and the definition of "suspension" in RSA 259:107, the phrase "period of suspension or revocation" as used in paragraph IV and for purposes of paragraph IV only shall mean only suspension or revocation imposed by a court of competent jurisdiction. "Period of suspension or revocation" shall include the period specifically designated and until the restoration of the person's driver's license or privilege to drive.

The State argues that the two sentences of RSA 263:64, V should be read together as follows. The first sentence of RSA 263:64, V provides that RSA 263:64, IV pertains only to court-ordered suspensions or revocations; it does not pertain to suspensions or revocations imposed by the Director of the New Hampshire Division of Motor Vehicles (DMV). *See* RSA 263:56 (Supp. 2008) (granting DMV authority to suspend or revoke licenses under certain circumstances). Although RSA 259:90 (2004) and RSA 259:107 (2004) define the terms "revocation" and "suspension" to refer to both court-imposed and administratively-imposed revocations and suspensions, the first sentence of RSA 263:64, V clarifies that RSA 263:64, IV refers only to court-imposed revocations and suspensions. The State argues that the second sentence explains that the "period of suspension or revocation" imposed by *either* a court *or* the DMV continues until the offender's license is restored. *Accord* RSA 259:90, :107.

There is another way, however, to construe RSA 263:64, V. Under this interpretation, the first sentence states that for the purposes of RSA 263:64, IV, and for the purposes of this provision only, the phrase "period of suspension or revocation" refers only to the specific period imposed by a court. Notwithstanding RSA 259:90, which provides that "[t]he revocation of any license . . . shall remain in effect until a license . . . has been reissued," and RSA 259:107, which provides that the period of suspension shall continue "until the reissuance of the license," for the purposes of RSA 263:64, IV, revocations and suspensions do *not* remain in effect until a license has been restored or reissued. Under this interpretation, the second sentence makes clear that for *other* purposes, revocations and suspensions

continue until a license has been restored or reissued. Thus, together, the two sentences clarify that, while the phrase has a different meaning for other purposes, for the purposes of RSA 263:64, IV alone, the phrase does *not* include the period after the court-ordered suspension or revocation expires and before the person's license is restored. RSA 263:64, V.

Because we find both interpretations reasonable, we consult legislative history. *See Appeal of Ann Miles Builder*, 150 N.H. 315, 318 (2003). The first sentence of RSA 263:64, V was enacted in response to our decision in *State v. Callahan*, 126 N.H. 161, 163-64 (1985). In *Callahan*, we ruled that the revocation period to which RSA 263:64 referred continued until an offender's license was restored. *Callahan*, 126 N.H. at 163-64. To reach this conclusion, we relied, in part, upon RSA 259:90, which provided that the revocation of a driver's license "shall remain in effect until a new license . . . has been issued or the privilege has been restored." *Id.* at 163.

In 1987, soon after *Callahan* was decided, the legislature enacted RSA 263:64, V to make clear that the phrase "period of suspension or revocation" as used in RSA 263:64, IV did *not* mean until the offender's license was restored. *See* Laws 1987, 396:3. When it was first enacted in 1987, RSA 263:64, V contained only what is now its first sentence. *See id.* As the sponsor of the amendment explained:

> During the last session we passed a bill to correct some difficulties in the interpretation of RSA 263:64, IV concerning the penalty for driving after revocation. The intent was to make clear that the mandatory 7-day sentence applied only to driving during the period of revocation.
>
> For example, a person whose license is suspended or revoked for 60 days would be subject to [a] mandatory sentence only if he drove during that 60-day period. If he failed to have his driving privilege restored and was picked up subsequent to the 60-day period, he would be subject to the usual misdemeanor penalty at the discretion of the court.
>
> Apparently our efforts to clarify did not succeed, because I have had inquiries from attorneys all over the state asking about the legislative intent of the last change. Some judges are interpreting the phrase "during the period of revocation" to mean until the driving privilege is restored. This is contrary to the intent of the current law.
>
> In an attempt to clarify this issue once more, I offer the attached amendment which spells out that the mandatory penalty

applies only to driving during the period of revocation *imposed by the court, not* the period until the driving privilege is officially restored administratively.

Memorandum from Rep. Donna Sytek to Judiciary Committee dated April 15, 1987 (reprinted in Appendix to State's Brief at 8).

In 2002, however, the legislature added the second sentence of RSA 263:64, V as part of House Bill (HB) 1460. HB 1460 resulted from a two-year study committee considering penalties for DWI. *See* N.H.H.J. 439 (2002). In addition to amending other statutes, HB 1460 amended "RSA 263:64 to say that a license that has been suspended or revoked for a violation of the DWI statutes shall remain revoked/suspended for that offense until restored." *Id.* As a sponsor of HB 1460 testified at a hearing on HB 1460 of the New Hampshire Senate Committee on Transportation:

> [HB 1460] basically changes the statute so that, it currently reads, or currently is, that if you are revoked or suspended for DWI and you are revoked for 90 days, at 89 days you are subject to penalties for driving after revocation for DWI. At 91 days, you are subject to a violation level offense for operating after suspension and the [Study] Committee, as well as the law enforcement, feel that if you are revoked for DWI, you should be revoked for DWI until you complete everything and you get your license back.

SENATE COMM. ON TRANSPORTATION, HR'G ON H.B. 1460 1 (April 9, 2002) (reprinted in State's Appendix at 9). In effect, the 2002 amendment, which added the second sentence to RSA 263:64, V, was intended to undo the 1987 amendment, which added the first sentence to RSA 263:64, V. *See id.*

■ Given this legislative history, we conclude that the State's interpretation of RSA 263:64, V is more consistent with the legislature's intent. Accordingly, in this case, because the respondent drove while his license had not yet been restored, he was driving during the "period of . . . revocation" for the purposes of RSA 263:64, IV, and was subject to the mandatory seven-day sentence set forth therein. We hold, therefore, that the trial court erred when it failed to impose the mandatory seven-day sentence set forth in RSA 263:64, IV.

*Sentence vacated and remanded.*

BRODERICK, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.